**In the Matter of Patricia Lynn RICKS, Debtor.**

**FIRST SECURITY BANK OF IDAHO, National Association, Plaintiff,**

v.

**David Larry RICKS and Patricia Lynn Ricks, husband and wife, and L.D. Fitzgerald, Trustee, Defendants.**

**Adv. No. 82–0636.**

United States Bankruptcy Court, D. Idaho.

Jan. 7, 1983.

Craig Christensen of Jones & Christensen, Pocatello, Idaho, for plaintiff.

Ronald S. George, Pocatello, Idaho, for defendant Patricia Lynn Ricks.

## MEMORANDUM DECISION

M.S. YOUNG, Bankruptcy Judge.

This matter is before the court following trial.

Defendants David and Patricia Ricks filed a joint petition for relief under chapter 13 of the Code on September 2, 1981. The filing of this petition stayed a non-judicial foreclosure sale by plaintiff under a deed of trust securing an indebtedness owed plaintiff by the Ricks, which sale was scheduled for September 3, 1981. A plan was subsequently confirmed, however, the chapter 13 proceeding of defendants was dismissed on March 11, 1982, for failure to make payments to the chapter 13 trustee as required by the plan.

Plaintiff had filed a complaint in February, 1982, to remove the § 362 stay arising from the chapter 13 filing, and on March 10, 1982, had been granted judgment lifting the stay. Plaintiff again commenced its non-judicial foreclosure proceedings, causing notice of default to be recorded and notice of sale issued. The trustee's sale under the deed of trust was scheduled for July 22, 1982.

On July 9, 1982, defendant Patricia Lynn Ricks filed an individual chapter 7 petition for relief. While § 362(a) again became operational, plaintiff, without notice of the filing of the chapter 7 petition, held the foreclosure sale on July 22, 1982, as scheduled.

By the present action, plaintiff seeks alternative relief: it seeks, if necessary, lift of the § 362 stay in order to commence action to again foreclose upon its deed of trust; it also seeks confirmation or validation of the earlier held trustee's sale, *nunc pro tunc*. Plaintiff argues the individual chapter 7 filing of defendant Patricia Ricks was abusive and designed to hinder plaintiff in achieving the relief pursuant to the earlier granted lift of stay, and that, therefore, its technical violation of the § 362 stay in the chapter 7 proceeding should be excused and the sale confirmed nevertheless.

Defendants David Larry Ricks and L.D. Fitzgerald, trustee, have failed to answer, and plaintiff is entitled to default as against them. Defendant Patricia Ricks admits by answer that plaintiff is entitled to relief from stay pursuant to § 362(d) as prayed, however, defendant resists the attempt to confirm or validate the earlier sale or to be dispossessed from the property prior to the running of the statutory period under a newly begun trust deed foreclosure proceeding. Defendant disputes the allegation of abusive filing, contending that the original chapter 13 proceeding was brought in good faith, that she relied upon her husband, did not personally know that there was little, if any, chance for a successful plan, and that her chapter 7 filing was an unplanned last resort taken following the breakdown of her marriage.

At trial, the § 362(a) stay was lifted. The issue of the effect of the earlier sale and its possible validation *nunc pro tunc* was taken under advisement. For the following reasons, I conclude that the sale was valid and shall stand.

Bankruptcy practitioners, courts, and commentators are in general agreement that an action taken in violation of the

§ 362 automatic stay is void and without effect. See, e.g., 2 Collier on Bankruptcy (15th ed. 1982) ¶ 362.11 at 362–58. The most often cited authority for this position is the opinion of the United States Supreme Court in *Kalb v. Feuerstein,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940).

In *Kalb,* Justice Black, writing for a unanimous court, held that the actions of a Wisconsin state court in confirming a sheriff's sale of real property under a mortgagee's judgment and issuing a writ of assistance dispossessing the mortgagor farmers were void in light of the farmers' petition for relief under the Frazier-Lemke (Bankruptcy) Act, former Title 11, United States Code. After disposing of a threshold issue concerning the propriety of Supreme Court review, Justice Black wrote:

"[I]f appellants are right in their contention that the Federal Act of itself, from the moment the petition was filed and so long as it remained pending, operated, in the absence of the bankruptcy court's consent, to oust the jurisdiction of the State court so as to stay its power to proceed with foreclosure, to confirm a sale, and to issue an order ejecting appellants from their farm, the action of the [state court] was not merely erroneous but was beyond its power, void, and subject to collateral attack."

308 U.S. at 438, 60 S.Ct. at 346. The court clearly held that the determination of whether the Act so operated was a question of federal law, and further held that Congress, under its plenary power over bankruptcy, see U.S. Constitution, Art. I, § 8, cl. 4, vested exclusive jurisdiction over farmer-debtors and their property in the bankruptcy courts. The effect of such a Congressional decision, under the Supremacy Clause, U.S. Constitution, Art. VI, cl. 2, was stated in these terms:

"The Constitution grants Congress exclusive power to regulate bankruptcy and under this power Congress can limit the jurisdiction which courts, State or Federal, can exercise over the person and property of a debtor who duly invokes the bankruptcy law. If Congress has vested in the bankruptcy courts exclusive jurisdiction over farmer-debtors and their property, and has by its Act withdrawn from all other courts all power under any circumstances to maintain and enforce foreclosure proceedings against them, its Act is the supreme law of the land which all courts—State and Federal—must observe. The wisdom and desirability of an automatic statutory ouster of jurisdiction of all except bankruptcy courts over farmer-debtors and their property were considerations for Congress alone.

We think the language and broad policy of the Frazier-Lemke Act conclusively demonstrate that Congress intended to, and did deprive the [state court] of the power and jurisdiction to continue or maintain in any manner the foreclosure proceedings against appellant without the consent after hearing of the bankruptcy court in which the farmer's petition was then pending."

308 U.S. at 439–40, 60 S.Ct. at 346.

In reviewing the "automatic stay" provisions of the Frazier-Lemke Act set forth by the Court in *Kalb,* it is readily apparent that Congress has not by the enactment of the Bankruptcy Code altered its intent, as found by the Supreme Court, to deprive all but U.S. Bankruptcy Courts of jurisdiction over the property of a debtor seeking relief under federal bankruptcy law. See 28 U.S.C. §§ 1471, 1471(e) and 11 U.S.C. 362(a).[1]

Situations such as that in *Kalb* and in the instant action involve two separate but related areas, the first being the exlcusive jurisdiction granted by federal law to bankruptcy courts and the second being the injunctive powers, including automatic statu-

1. Due to the fact that this opinion necessarily concerns the intent of Congress at the time of enactment of the jurisdictional provisions of the Bankruptcy Reform Act of 1978, Title 11, U.S.C., and since the actions of the court and litigants herein involved were taken prior to the effective date of the judgment of the United States Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the arguable effect of that decision is not involved herein or discussed.

tory prohibitions, granted by Congress to effectuate that exclusive jurisdiction.

Distinguishing between the injunctive provisions of § 362 and the Congressional grant of jurisdiction aids in resolution of the instant matter. The actions of plaintiff, including sale, taken in reliance upon its earlier acquired lift of stay, were not contumacious of that injunctive power. Defendant concedes plaintiff had no knowledge of the commencement of the chapter 7 proceeding prior to the time of its sale under the deed of trust. Thus, the issue presented for decision is whether the sale, occurring after the chapter 7 filing of defendant, is jurisdictionally void and without effect. I conclude that, under the facts of this case and the conditions attached by the Supreme Court to its ruling in *Kalb,* the sale was not void.

The Supreme Court's discussion of exclusive jurisdiction granted by Congress to the bankruptcy courts was qualified. That is, jurisdiction can be exercised by state courts and under state law if the Bankruptcy Court consents, i.e., in the above quoted material:

> "[Congress] did deprive the [state court] of the power and jurisdiction to continue or maintain in any manner the foreclosure proceedings against appellants *without the consent after hearing of the bankruptcy court* in which the farmer's petition was then pending."

Later in *Kalb,* Justice Black writes:

> "Thus Congress repeatedly stated its unequivocal purpose to prohibit—*in the absence of consent by the bankruptcy court in which a distressed farmer has a pending petition*—a mortgagee or any court from instituting, or maintaining if already instituted, any proceeding against the farmer to sell under mortgage foreclosure, to confirm such a sale, or to dispossess under it." (Emphasis added.)

308 U.S. at 441, 60 S.Ct. at 347.

■ It thus appears to me that a determination by this court that the § 362(a) stay should be lifted pursuant to § 362(d), or the automatic termination of the stay provided by operation of § 362(e) without order of the court, not only operates to remove the statutory injunction and the threat of contempt, it also operates as a consent to jurisdiction over the property of the debtor by others. The debtor, however, still has recourse to the Bankruptcy Court, there being no loss of this court's jurisdiction. The state of affairs following a lift of stay is essentially one of concurrent jurisdiction.

■ In the case at bar, the § 362(a) stay was vacated on March 11, 1982. This operated as consent to foreclosure under state law. The filing for relief by Patricia Ricks again created an estate which included her interest in the subject property, which property again came within the exclusive jurisdiction of the Bankruptcy Court, and § 362(a) was again triggered.

This court, under the facts presented at hearing after the fact, would have again lifted the stay and relinquished exclusive jurisdiction, allowing the foreclosure sale to proceed. Repeated filing for relief can be abusive, particularly of rights such as plaintiff's. As defendant concedes, there exists no defense to a lift of stay in this case, and the only true effect of such a filing was to force the commencement of new foreclosure proceedings by creditors such as plaintiff. While in some circumstances, a second filing for relief by a debtor may not be abusive of rights granted debtors under Title 11, U.S.C., I conclude this is not such a case. While unacceptable hinderance of plaintiff may not have been intended or premeditated, the practical effect of the filing was to do so.

Since this court would have, upon a request by plaintiff prior to sale, allowed the newly imposed stay to have been lifted and the foreclosure sale to be held as scheduled, and thus again relinquish exclusive jurisdiction over this property, I conclude that determination should not be altered in this situation and the sale negated or voided by the filing of defendant's petition under chapter 7 of the Code. Thus, under § 105, the sale will be validated, *nunc pro tunc,*

and held not void by such filing. Plaintiff may have judgment accordingly. This decision constitutes findings of fact and conclusions of law pursuant to Rule 752. Plaintiff is to prepare a formal judgment for review and execution.