864 P.2d 140

**VALLEY BANK, an Idaho Banking Corporation, Plaintiff–Respondent,**

v.

**Elmer STECKLEIN and Lucile M. Stecklein, husband and wife, Defendants–Appellants.**

**No. 20714.**

Supreme Court of Idaho, Twin Falls, September 1993 Term.

Nov. 18, 1993.

Elmer and Lucile Stecklein, pro se.

Steven A. Hoskins, Phoenix, AZ, for plaintiff-respondent.

McDEVITT, Chief Justice.

### BACKGROUND

The underlying foreclosure action upon which the contested deficiency judgment is predicated arose from the defendants' (the "Steckleins") default on several loans procured from Valley Bank from 1979 to 1981. Shortly after running into financial trouble in 1981, the Steckleins found themselves unable to satisfy their loan obligations and filed for Chapter 11 bankruptcy in the spring of 1982. On June 26, 1986, following the dismissal of the Chapter 11 petition, Valley Bank and the Steckleins entered into a new loan agreement, documented by a signed promissory note, security agreement, and mortgage. The loan agreement consolidated all prior loans and provided Valley Bank a security interest in the Steckleins' farm equipment and all previously secured real estate. The agreement compelled the Steckleins to repay approximately $20,000 in November 1986, with like payments falling due each November in future years for the term of the loan, and empowered Valley Bank to promptly demand full payment upon default and execute upon the collateral. The Steckleins immediately defaulted by failing to pay in November of 1986.

Due to the Steckleins' failure to comply with the terms of the June 26, 1986 security agreement, Valley Bank instituted foreclosure proceedings in the state district court against the Steckleins on January 15, 1987. On June 26, 1987, the parties entered into a settlement agreement, through their attorneys, to deed the real and personal property to Valley Bank in lieu of foreclosure. The Steckleins would not honor this agreement, so the parties entered into a stipulation, signed by each on April 18, 1988. The stipulation provided for an immediate release by the Steckleins of all claims to the real and personal property cited in the 1986 security agreement. In return, Valley Bank agreed to allow the Steckleins to repurchase the property at any sale conducted by Valley Bank and to waive any claim of deficiency.

On April 28, 1988, the Steckleins filed their first Chapter 12 bankruptcy petition (Bankruptcy Case No. 88–01248–F), thereby invoking the 11 U.S.C. § 362(a) automatic stay that relieved them from the April 18th stipulation. The bankruptcy petition was dismissed two months later for failure to comply with federal bankruptcy court orders and procedures.

On January 4, 1990, Valley Bank moved for summary judgment in the state district court on its foreclosure claim initiated in 1987. This motion prompted the Steckleins to file a second Chapter 12 petition (Bankruptcy Case No. 90–0046) on January 8, 1990. Valley Bank immediately moved for relief from the § 362(a) automatic stay on January 10, 1990, so that it could continue with its 1987 foreclosure action. The Steckleins never requested that the bankruptcy court rule on Valley Bank's motion, pursuant to 11 U.S.C. § 362. On January 17, 1990, the parties agreed to relieve Valley Bank from the automatic stay, in return for which Valley Bank would not pursue its alternative motion to dismiss the petition.

No order was ever entered on this agreement.

At the summary judgment hearing, held July 31, 1990, the Steckleins argued that they did not owe Valley Bank the amount cited in the April 18, 1988 stipulation because it was signed under duress, fraud, and misrepresentation. Nonetheless, the district court granted Valley Bank's motion for summary judgment, finding no evidence of duress or coercion and upholding the April 18, 1988 stipulation. Bankruptcy Case No. 90–00046 was subsequently dismissed on August 21, 1991, for failure to perform the terms of the reorganization plan.

The district court entered a decree of foreclosure. A sheriff's sale of the secured real property and personal property was held in April of 1992. Thereafter, Valley Bank filed a motion for deficiency judgment with supporting affidavit citing a deficiency in the amount of $137,343.88. On August 28, 1992, a deficiency judgment was entered against the Steckleins. Both the judgment of foreclosure and the deficiency judgment were appealed by the Steckleins to this Court. The appeals were heard by the Court of Appeals, which filed an unpublished opinion for each appeal on March 30, 1993, vacating both judgments on the ground that an automatic stay against execution on the subject property was still in effect in the United States Bankruptcy Court at the time summary judgment was entered. The Court of Appeals made this ruling upon receiving a decision from the district court holding that the bankruptcy court had not entered a formal written order in Bankruptcy Case No. 90–00046 that lifted the automatic stay. This matter had been temporarily remanded for that purpose. Valley Bank's petition for rehearing was denied May 11, 1993. On May 20, 1993, Valley Bank petitioned this Court for review of the Court of Appeals' decision in case number 20247, the deficiency judgment, but not in case number 19796, the foreclosure judgment.

On review, this Court is faced with the following issues:

I. Whether the trial court had personal jurisdiction over the United States Federal Housing Authority, a named junior creditor in the underlying foreclosure action.

II. Whether the trial court had the authority to proceed with the underlying foreclosure action, and therefore to enter a deficiency judgment in favor of Valley Bank.

## STANDARD OF REVIEW

When this Court decides to review a decision of the Court of Appeals, "we consider that we are hearing the matter in the first instance, not merely considering the correctness of the decision of the Court of Appeals." *Sato v. Schossberger*, 117 Idaho 771, 774–75, 792 P.2d 336, 339–40 (1990). "While we value the opinion of the Court of Appeals for the insight it gives us in addressing the issues presented on appeal, we do not focus on the opinion of the Court of Appeals, but rather on the decision of the district court." *Id.* at 775, 792 P.2d at 340.

## ANALYSIS

### I.

### THE TRIAL COURT HAD PERSONAL JURISDICTION OVER THE UNITED STATES AS A NAMED JUNIOR MORTGAGEE IN THE UNDERLYING FORECLOSURE ACTION

The United States is a party to this action solely through the role of its agency, the Federal Housing Association ("FHA"), as a junior lienholder on the subject real property. The Steckleins assert that FHA enjoys sovereign immunity and that, because Valley Bank cannot join all necessary parties to this cause of action, the foreclosure cannot be pursued. However, it is evident that FHA does not enjoy the traditional exemption from suit in a state court by way of the doctrine of sovereign immunity in this case because such immunity has

been waived by the United States, both statutorily and by written agreement. *See* 28 U.S.C. § 2410. (Stipulation, Case No. 13289, Sept. 18, 1991.)

## II.

### THE TRIAL COURT HAD THE AUTHORITY TO ENTER A DEFICIENCY JUDGMENT IN FAVOR OF VALLEY BANK

The Steckleins successfully argued before the Court of Appeals that the § 362(a) automatic stay invoked by their January 8, 1990, Chapter 12 bankruptcy petition precluded the district court from granting any relief to Valley Bank with regard to the foreclosure proceedings. A careful examination of the facts of this case in light of § 362 of the Bankruptcy Reform Act reveals that the district court clearly acted with authority in granting Valley Bank a deficiency judgment and we accordingly affirm the district court.

At the outset we note that if a state court proceeds without the consent of the bankruptcy court when a § 362(a) automatic stay is in effect,[1] such proceedings are in excess of the state court's authority and subject to collateral attack. *Kalb v. Feuerstein*, 308 U.S. 433, 441, 60 S.Ct. 343, 347, 84 L.Ed. 370 (1940); *In re Linton*, 35 B.R. 695 (Bankr.D.Idaho 1983). Under 11 U.S.C. § 362(e) the automatic stay terminates automatically if the bankruptcy court fails within thirty days to rule on a motion to vacate the stay. This is so even if the

court fails to hold a hearing, "whether its failure to do so results from the parties' failure to importune the court—due to their own inadvertence or the absence of a dispute—or from the court's own inadvertence." *In re River Hills*, 813 F.2d 702, 707 (5th Cir.1987) (footnote omitted). *See also In re Ricks*, 26 B.R. 134, 137 (Bankr.D.Idaho 1983).

In this case the district court did not act without the consent of the bankruptcy court. The facts show that there was consent by operation of law, 11 U.S.C. § 362(e), enabling Valley Bank to proceed with its foreclosure action. Valley Bank moved for relief from the stay on January 10, 1990. At this point, § 362(e) clearly places the burden on the petitioner to procure a timely hearing if petitioner wants to ensure the continued protection of the automatic stay. *In re River Hills*, 813 F.2d at 707. The bankruptcy court failed to hold a hearing within thirty days or enter an order continuing the stay. Consequently the stay terminated February 16, 1990.[2]

For the foregoing reasons, we hold that the district court had the authority to proceed in the action for deficiency judgment and therefore affirm the order of the district court granting Valley Bank's motion for a deficiency judgment.

No costs or attorney fees on appeal.

BISTLINE, JOHNSON and TROUT, JJ., and WOODLAND, J. Pro Tem., concur.

---

1. Section 362(a) of the Bankruptcy Reform Act provides that a bankruptcy petition operates as a stay of the commencement or continuation of a judicial proceeding against the debtor that "was or could have been commenced before the commencement of the case under this title[.]" 11 U.S.C. § 362(a)(1). It also tolls "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title[.]" 11 U.S.C. § 362(a)(2).

2. In order to fortify its position before this Court, Valley Bank reopened the January 8, 1990 bankruptcy case in bankruptcy court and obtained a summary order from the bankruptcy court on June 28, 1993, that the automatic stay

had terminated with regard to Valley Bank on February 16, 1990. A bankruptcy court, after an act has been committed that appears to have violated a stay, may determine that the stay was in fact not in effect at the time of the alleged violative act and grant retroactive relief from the stay by declaring the stay annulled rather than terminated, thereby validating the act. *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir.1984). *See also In re Schwartz*, 954 F.2d 569 (9th Cir.1992).

The summary order entered by the bankruptcy court on June 28, 1993, is a retroactive declaration that the stay was ineffective at the time Valley Bank pursued its remedies in state court, and thus validates the state court proceedings.