887 P.2d 32

**VALLEY BANK, an Idaho Banking Corporation, Plaintiff–Respondent,**

v.

**Elmer STECKLEIN and Lucile M. Stecklein, husband and wife, Defendants–Appellants.**

No. 21034.

Supreme Court of Idaho,
Boise, September 1994 Term.

Dec. 5, 1994.

Rehearing Denied Jan. 19, 1995.

Elmer Stecklein appearing pro se.

Eberle, Berlin, Kading, Turnbow & McKlveen, Boise, for respondents.

McDEVITT, Chief Justice.

## I.

### BACKGROUND AND PROCEDURE

The essential facts of this case were fully set out in *Valley Bank v. Stecklein*, 124 Idaho 694, 864 P.2d 140 (1993) (*Stecklein I*), and are not in dispute. Elmer and Lucile Stecklein (the Steckleins) defaulted on several loans held by Valley Bank. Valley Bank brought a foreclosure action against the Steckleins in 1987. Later that year, Valley Bank and the Steckleins entered into a stipulation, under which the Steckleins released all claims to the property subject to Valley Bank's foreclosure action. In 1988, the Steckleins filed a Chapter 12 bankruptcy petition. The Steckleins' bankruptcy petition invoked the 11 U.S.C. § 362(a) automatic stay, which relieved them from the terms of the stipulation with Valley Bank. The bankruptcy court dismissed the petition two months later because the Steckleins failed to comply with federal bankruptcy court orders and procedures.

On January 4, 1990, Valley Bank moved for and was granted a summary judgment in the foreclosure action originally commenced in 1987. Following a sheriff's sale of the secured property, Valley Bank filed a motion for a deficiency judgment and, on August 28, 1992, the district court entered a deficiency judgment against the Steckleins. The Steckleins appealed the foreclosure and the deficiency separately, and the Court of Appeals heard both appeals. The Court of Appeals vacated both orders on the grounds that the 11 U.S.C. § 362(a) automatic stay was still in effect at the time the district court entered summary judgment. Although Valley Bank petitioned this Court to review the Court of Appeals' decision in the deficiency action, the bank did not petition for review of the underlying foreclosure.

After granting the petition for review from the Court of Appeals' decision, this Court held that the stay automatically terminated after thirty days because of the Steckleins' failure to petition the bankruptcy court for a hearing to continue the stay. *Id.* at 697, 864 P.2d at 143; 11 U.S.C. § 362(e). As this Court noted in *Stecklein I*, between the time of the Court of Appeals' decision and this Court's review of that decision, Valley Bank also obtained a summary order from the bankruptcy court, holding that the automatic stay was not in effect with regard to Valley Bank during the time relevant to these appeals. *Id.* at 697 n. 2, 864 P.2d at 143 n. 2.

Pursuant to the Court of Appeals' decision in the foreclosure action, that case was remanded to the district court for further proceedings. On remand, the Steckleins moved the district court to set aside the decree of foreclosure. A hearing on the motion was held on November 24, 1993, after which the trial court issued an order reinstating judgments, holding that:

[T]he original Summary Judgment dated August 28, 1991 together with the Decree

of Foreclosure and Judgment issued January 2, 1992 and the Deficiency Judgment of August 20, 1992 are in accordance with the Order of the Idaho Supreme Court in Opinion 119 as well as pursuant to the Order of Remittitur by the Idaho Court of Appeals dated the 21st day of April 1992 and are hereby reinstated to the same extent as if the appeal originally taken to the Supreme Court of the State of Idaho had not been filed. . . .

The Steckleins now appeal this order, contending that the district court erred by not granting their motion to set aside the decree of foreclosure after that action was remanded by the Court of Appeals. Valley Bank seeks attorney fees on appeal under I.C. § 12–121 and I.R.C.P. 54(e)(1), contending that this appeal was brought frivolously, unreasonably, and without foundation.

## II.

### THE DISTRICT COURT DID NOT ERR BY DENYING THE MOTION TO SET ASIDE THE ORDER OF FORECLOSURE

■ In *Stecklein I*, this Court held that the automatic stay terminated on February 16, 1990. *Stecklein I*, 124 Idaho at 697, 864 P.2d at 143. On remand from the Court of Appeals, the Steckleins moved the district court to set aside the decree of foreclosure. The Steckleins contended that the Court of Appeals' decision, vacating the decree and ordering further proceedings, required that the district court grant their motion to set aside the order of foreclosure. Nothing in the Court of Appeals' decision required such action by the district court. Valley Bank has asserted in its statement of issues on appeal and argument that it is entitled to attorney fees on this basis.

The Court of Appeals held that, because of the 11 U.S.C. § 362(a) automatic stay, the district court could not enter the original decree of foreclosure against the Steckleins. That decree was vacated by the Court of Appeals, and the case was remanded to the district court for further proceedings. On remand, the district entered a new order, reinstating the order of foreclosure. The

Steckleins do not argue that the automatic stay was in effect on November 24, 1993, when the district court entered the order reinstating the decree of foreclosure. That order is the subject of this appeal, and is consistent with the holdings by both this Court and the bankruptcy court that the stay terminated on February 16, 1991. The district court's order reinstating the decree of foreclosure is therefore affirmed.

## III.

### VALLEY BANK IS ENTITLED TO ATTORNEY FEES ON APPEAL

■ The Idaho Rules of Civil Procedure provide that, unless provided by statute or contract, attorney fees "may be awarded by the court only when it finds, from the facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation[.]" I.R.C.P. 54(e)(1); I.C. § 12–121. The Idaho Appellate Rules also allow an award of attorney fees on appeal under these circumstances, where the party seeking fees "assert[s] such a claim as an issue presented on appeal in the first appellate brief filed by such party. . . ." I.A.R. 41(a).

This Court finds that the Steckleins' appeal was brought frivolously and without foundation. There is no basis in law or fact to support the Steckleins' contention that the district court was bound by the Court of Appeals' decision to find that the automatic stay was in effect at the time the district court reinstated the decree of foreclosure. Similarly, both this Court and the bankruptcy court have held that the automatic stay terminated on February 16, 1991, well before the district court entered the order that is the subject of this appeal. Valley Bank's petition for attorney fees is therefore granted.

## IV.

### CONCLUSION

The district court's order reinstating judgments and denying the Steckleins' motion to set aside the order of foreclosure is affirmed.

Costs and attorney fees on appeal to respondent.

JOHNSON, TROUT and SILAK, JJ., and SCHWARTZMAN, J. Pro Tem., concur.