958 P.2d 589 (1998)
131 Idaho 432
NORTHLAND INSURANCE COMPANY, Plaintiff-Appellant,
v.
BOISE'S BEST AUTOS & REPAIRS and Robert C. Pruitt and Nancy Pruitt, Defendants-Respondents.
AMERICAN STATES INSURANCE COMPANY, Plaintiff,
v.
Janet RICE d/b/a/ A Vista Pawn, Defendant.
No. 24301.
Supreme Court of Idaho, Boise, February 1998 Term.
May 19, 1998.
*590 Hawley, Troxell, Ennis & Hawley, Boise, for appellant. Joseph P. Langfield argued.
Sallaz Law Offices, Boise, for respondents. Peter C. Sisson argued.
SCHROEDER, Justice:
This appeal involves the sole issue of whether an insured is entitled to attorney fees in a declaratory relief action filed by the insurer.

I.

FACTS AND PROCEDURAL BACKGROUND
Robert Pruitt filed suit against Boise's Best Auto and Repair (Boise's Best), Vista Pawn, Roy and Janet Rice and others, seeking damages for personal injuries sustained in a truck accident that occurred on the premises of Vista Pawn. Northland Insurance Company (Northland) had issued a Commercial Garage Liability policy to Boise's Best. Northland filed a declaratory judgment action seeking a declaration of its rights and obligations in connection with the insurance policy contract entered into with Boise's Best. Upon cross motions for summary judgment, the district court granted summary judgment in favor of Boise's Best. On the issue of attorney fees the district court held that the insured, Boise's Best, was entitled to attorney fees pursuant to section 41-1839 of the Idaho Code (I.C.).
Northland appealed to the Court of Appeals, arguing that under I.C. § 41-1839 an insured is not entitled to attorney fees unless it provides evidence that the insurer has failed to pay an amount "justly due" under the policy. According to Northland, Boise's Best failed to establish an amount "justly due" and, consequently, Boise's Best is not entitled to attorney fees. The Court of Appeals affirmed the district court's decision and Northland sought review before this Court. The petition for review was granted as to the sole issue of attorney fees.

II.

STANDARD OF REVIEW
When considering a case on review from the Court of Appeals, this Court gives serious consideration to the Court of Appeals; however, this Court reviews the trial decision directly. State v. Avelar, 129 Idaho 700, 702, 931 P.2d 1218, 1220 (1997). This Court is not merely reviewing the correctness of the Court of Appeals' decision; rather, this Court is hearing the matter as if the case were on direct appeal from the district judge's decision. State v. Weaver, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995) (citing Valley Bank v. Stecklein, 124 Idaho 694, 696, 864 P.2d 140, 142 (1993)).
When reviewing a district court's order of summary judgment, this Court's standard of review is the same as the standard used by the district court in ruling on a motion for summary judgment. Farm Credit Bank of Spokane v. Stevenson, 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994). All disputed facts are to be construed liberally in favor of the non-moving party. Bonz v. Sudweeks, 119 Idaho 539, 541, 808 P.2d 876, 878 (1991). Summary judgment is appropriate if the pleadings, depositions, and admissions on file, *591 together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c); State v. Shama Resources, Ltd. Partnership, 127 Idaho 267, 270, 899 P.2d 977, 980 (1995).

III.

ATTORNEY FEES ARE ONLY AVAILABLE UNDER I.C. § 41-1839 IF THE INSURED PROVIDES EVIDENCE OF AN AMOUNT JUSTLY DUE.
Northland argues that an insured is not entitled to attorney fees in declaratory relief actions under I.C. § 41-1839, unless it provides evidence that the insurer has failed to pay an amount "justly due" under the policy. In this case, Northland brought the declaratory action to determine if there was coverage under the insurance policy it had issued. Northland has provided a defense to the claim against Boise's Best and has not failed to pay an amount justly due. In fact, there may never be an amount due under the policy. Northland concedes that it would not be arguing against the award of attorney fees if it had not accepted the defense of the action against Boise's Best. But it argues that I.C. § 41-1839 does not permit an award against it when it has provided a defense and has not otherwise failed to pay any amount justly due. I.C. § 41-1839(1) provides:
Any insurer issuing any policy, ... which shall fail for a period of thirty (30) days after proof of loss has been furnished as provided in such a policy, ... to pay to the person entitled thereto the amount justly due under such policy, ... shall in any action thereafter brought against the insurer in any court in this state for recovery under the terms of the policy, ... pay such further amount as the court shall adjudge reasonable as attorney's fees in such action.
In Union Warehouse and Supply Co. v. Illinois R.B. Jones, Inc., 128 Idaho 660, 917 P.2d 1300 (1996), the insured brought a declaratory relief action against the insurer seeking coverage, even though at the time the insured brought the suit no claim had yet been filed against the insurer. The Court held that the insured was not entitled to attorney fees because it "presented no evidence establishing that [the insurer] ha[d] failed to pay a specific amount `justly due' under the ... policy, a distinct statutory requirement." Id. at 669, 917 P.2d at 1309.
Boise's Best urges this Court to follow Unigard Ins. Co. v. U.S. Fidelity and Guar. Co., 111 Idaho 891, 728 P.2d 780 (Ct.App. 1986).[1] In Unigard, the Court of Appeals held that the award of attorney fees to an insured under I.C. § 41-1839 was appropriate in declaratory relief actions brought by the insurer against the insured. However, authority from this Court is prevailing. Boise's Best did not provide evidence of an amount "justly due" and is not entitled to attorney fees pursuant to I.C. § 41-1839.

IV.

CONCLUSION
The district court's award of attorney fees to Boise's Best is reversed. Costs are awarded to Northland Insurance Company.
TROUT, C.J., JOHNSON, J., and WOOD and MAY, JJ., Pro Tem concur.
NOTES
[1] Boise's Best also cited Bonner County v. Panhandle Rodeo Ass'n, Inc., 101 Idaho 772, 620 P.2d 1102 (1980) and Martin v. Argonaut Ins. Co., 91 Idaho 885, 434 P.2d 103 (1967), to support its argument that it was not required to provide evidence of an amount justly due. Bonner and Martin held that if the insurer denies liability it has waived the requirement that the insured must provide proof of loss. Neither case addressed the issue of whether the insured must provide evidence of an amount justly due. Therefore, Bonner and Martin are not relevant to this case.