61 P.3d 601

**Gerald W. MARTIN, Plaintiff–Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, Defendant–Respondent.**

**No. 27711.**

Supreme Court of Idaho, Coeur d'Alene, October 2002 Term.

Dec. 31, 2002.

Aherin, Rice & Anegon, Lewiston, for appellant. Darrel W. Aherin argued.

D. Samuel Eismann, Coeur d'Alene, argued for respondent.

WALTERS, Justice.

Idaho Code section 41–1839 provides that an insured can recover a reasonable amount as attorney fees in an action brought by the insured against an insurer for recovery under the terms of the insurance policy when the insurer fails for a period of thirty days after proof of loss has been furnished pursuant to the policy to pay to the person entitled thereto the amount justly due under the policy. In the instant case, the district court denied the claim by the insured, Gerald Martin, against the insurer, State Farm Mutual Automobile Insurance Co., for an award of attorney fees under the statute. Martin has appealed from the order. We reverse and remand the case for the determination of a reasonable amount to be recovered by Martin.

### FACTS AND PROCEDURAL BACKGROUND

Gerald Martin was involved in an automobile accident on May 5, 1993, and brought suit for damages against the individual, Hoblit, who had struck his vehicle.[1] Because Martin was unable to timely complete service of process on Hoblit, the suit was dismissed. Martin appealed from the dismissal.[2] While the appeal was pending, Hoblit's insurer became insolvent, rendering the defendant, Hoblit, the owner and driver of an "uninsured motor vehicle" pursuant to the definitions contained in Martin's own policy of automobile insurance issued by State Farm. In May of 1997, Martin notified State Farm that he was seeking the $100,000 limits under the uninsured motorist provision of his policy with State Farm.

---

1. Martin filed suit against the defendant on May 4, 1995, one day before the expiration of the statute of limitation.

2. *Martin v. Hoblit*, 133 Idaho 372, 987 P.2d 284 (1999).

State Farm immediately demanded arbitration as provided by the terms of the policy issued to Martin. For reasons not explained in the record, the arbitration was not scheduled although two of the three arbitrators had been selected by early June, 1997. In June of 1999, two years after Martin had submitted his proof of loss to State Farm, Martin obtained new counsel and filed a breach of contract action against State Farm. State Farm moved the court to compel the arbitration and to stay the action until the completion of the arbitration. Upon stipulation by the parties, the district court issued an order staying the action in the district court pending resolution of the issues to be decided by arbitration. On November 15, 1999, State Farm offered to pay $30,000 on Martin's claim and tendered that amount on December 27, 1999, without prejudice to Martin's right to seek a higher award in arbitration.

The arbitration took place in the fall of 2000, and Martin was awarded $75,000 in damages, plus interest and costs. The arbitration award also provided that each party would pay the fee of its nominated arbitrator and one-half of the third arbitrator's fees. State Farm immediately paid the award, less the $30,000 previously paid to Martin.

Following the completed arbitration, State Farm filed a motion to dismiss the action pending in the district court on the basis that the arbitration award had been entered and paid in full. The motion further asserted that the plaintiff, Martin, had no further claim or right to proceed with the district court action. On February 21, 2001, counsel for Martin filed a memorandum of costs for attorney fees in the district court, claiming an entitlement to fees pursuant to I.C. § 41–1839, in particular on account of State Farm's offer and payment of substantially less than the sum awarded by the arbitrators, which necessitated the filing of the suit. Counsel requested an award of fees against State Farm calculated only upon the amount by which his recovery in arbitration exceeded the defendant's prearbitration award settlement offer.

On March 19, 2001, the district court entered an order confirming the arbitration award, as requested by Martin. On July 2, 2001, the district court issued its memorandum opinion and order, holding that the suit was not necessary and not brought "for recovery under the terms of the policy." Accordingly, the district court denied Martin any award of fees. Martin then brought this appeal.

## ISSUES ON APPEAL

The issue raised on appeal is whether Martin is entitled to an award of attorney fees in his action against State Farm pursuant to I.C. § 41–1839. As a collateral question, both parties seek an award of attorney fees for participation in the appeal.

## DISCUSSION

■■■ The construction and application of a statute is a question of law over which we exercise free review. *Koch v. Micron Technology*, 136 Idaho 885, 42 P.3d 678 (2002). In construing a statute, the court may examine the language used, the reasonableness of proposed interpretations and the policy behind the statute. *State v. Hagerman Water Right Owners, Inc.*, 130 Idaho 727, 947 P.2d 400 (1997). The starting point for any statutory interpretation is the literal wording of the statute, and the court will give the statute's language its plain, obvious and rational meaning. *Eastern Idaho Agricultural Credit Ass'n v. Neibaur*, 133 Idaho 402, 987 P.2d 314 (1999).

The statute upon which Martin bases his claim for attorney fees is I.C. § 41–1839, which reads in material part as follows:

(1) Any insurer issuing a policy, certificate or contract of insurance, surety, guaranty or indemnity of any kind or nature whatsoever, which shall fail for a period of thirty (30) days after proof of loss has been furnished as provided in such policy, certificate or contract, to pay to the person entitled thereto the amount justly due under such policy certificate or contract, shall in any action thereafter brought against the insurer in any court in this state for recovery under the terms of the policy, certificate or contract, pay such further

amount as the court shall adjudge reasonable as attorney's fees in such action.

(2) In any such action, if it is alleged that before the commencement thereof, a tender of the full amount justly due was made to the person entitled thereto, and such amount is thereupon deposited in the court, and if the allegation is found to be true, or if it is determined in such action that no amount is justly due, then no such attorney's fees may be recovered.

■ The purpose of the statute is to provide an incentive for insurers to settle just claims in order to reduce the amount of litigation and the high costs associated with litigation. *Hansen v. State Farm Mutual Automobile Ins. Co.*, 112 Idaho 663, 735 P.2d 974, 982 (1987). This Court has held that the statutory attorney fee is not a penalty but is an additional sum rendered as compensation when the insured is entitled to recover under the insurance policy, "to prevent the sum therein provided from being diminished by expenditures for the services of an attorney...." *Halliday v. Farmers Ins. Exchange*, 89 Idaho 293, 299, 404 P.2d 634, 637 (1965). *See also Walton v. Hartford Ins., Co.*, 120 Idaho 616, 818 P.2d 320 (1991).

■ Before a plaintiff may recover attorney fees under the statute, it must be shown that: (1) the insured has provided proof of loss as required by the insurance policy; and (2) the insurance company failed to pay an amount justly due under the policy within thirty days of such proof of loss. This Court recently read into the scheme a third requirement, that the insurer's failure to pay must compel the insured to bring suit against the insurer in order to recover for the loss. *Anderson v. Farmers Ins. Co.*, 130 Idaho 755, 758, 947 P.2d 1003, 1005 (1997). Upon further consideration in light of the facts of this case, we withdraw that condition. The concept of compulsion to file an action is not included in the statute and is beyond the provisions established by the legislature for the recovery of attorney fees in the relationship between the insured and an insurer. Because there is no requirement in the statute that the plaintiff be "compelled" to bring an action, our opinion stating otherwise in *Anderson* is inconsistent with the statute and

is disapproved. A cardinal rule of statutory construction is that where a statute is plain, clear and unambiguous, courts are constrained to follow that plain meaning, and neither add to the statute nor take away by judicial construction. *Canal/Norcrest/Columbus Action Committee v. City of Boise*, 136 Idaho 666, 670, 39 P.3d 606, 610 (2001); *Moon v. Investment Board*, 97 Idaho 595, 596, 548 P.2d 861, 862 (1976).

■ Martin asserts that the facts in the record establish that he submitted the proof of loss and that payment from State Farm was not forthcoming within thirty days of the proof of loss. In May of 1997, Martin requested the policy limits of $100,000 under the uninsured provisions of his policy. State Farm responded with a demand for arbitration to resolve whether Martin was legally entitled to recover any damages, having failed to timely serve Hoblit so as to prevent dismissal of the case, and because the statute of limitation on the underlying tort claim had expired. The arbitration had not yet taken place and Martin had filed suit in the district court to recover under the policy when in December of 1999, State Farm tendered the sum of $30,000 to Martin. Thus, Martin claims that the two conditions of I.C. § 41–1839 were met, and the only question remaining was whether the insurer's failure to pay "the amount justly due" was excused by awaiting the arbitrators' determination.

In *Brinkman v. Aid Ins. Co.*, 115 Idaho 346, 766 P.2d 1227 (1988), the plaintiff sued his automobile insurer under the uninsured motorist provisions of his policy and sought recovery of attorney fees pursuant to I.C. § 41–1839. On review, this Court interpreted the phrase "amount justly due" that is found in I.C. § 41–1839. Describing the nature of the question as one that can only be resolved in retrospect, this Court held that "amount justly due" refers to the amount ultimately determined by a jury rather than an amount ascertained upon the insurer's receipt of proof of loss. *Id.* at 350, 766 P.2d at 1231. Subsequent to *Brinkman*, this Court again reviewed the applicability of I.C. § 41–1839 in an action to recover under an automobile policy's underinsured motorist provision. *See Walton v. Hartford Ins. Co.*,

120 Idaho 616, 818 P.2d 320 (1991). The Court affirmed the decision of the trial court to allow attorney fees under I.C. § 41–1839, where the parties' settlement agreement in the suit contemplated arbitration pursuant to the policy to resolve the issue of damages. *Id.* at 620, 818 P.2d at 322. *Walton*, therefore, suggests that "an amount justly due," as used in I.C. § 41–1839, is not limited to an amount determined by a jury, but should be interpreted to include an amount found owing by the arbitrators in an arbitration proceeding. Clearly, State Farm did not tender to Martin the sum of $75,000, which was the amount established as justly due by virtue of the arbitration award, or a sum reasonably close to that amount, within thirty days after receiving Martin's proof of loss.

The district court's decision to deny Martin's request for attorney fees did not turn on whether State Farm had failed to pay "the amount justly due" as prescribed by I.C. § 41–1839 but whether the suit was brought for "recovery under the terms of the policy." The district court concluded, "because arbitration proceedings were underway, the suit was not necessary [for recovery under the terms of the policy]."

Martin insists that he was required to file suit in order to enforce his right to payment under the policy. Further, while he admits that the arbitration determined the amount justly due, he argues that participation in the arbitration process should not be the basis to deny an award of fees under I.C. § 41–1839 where the arbitration took place only after the filing of his suit in the district court. In support of his argument, he relies on *Emery v. United Pacific Ins. Co.*, 120 Idaho 244, 815 P.2d 442(1991), which held that attorney fees may be awarded to an insured under I.C. § 41–1839 only when the insured had no other option than to file suit against his or her insurer in order to recover his or her losses. *Id.* at 247, 815 P.2d at 445. *See also, Walton v. Hartford Ins. Co.* at 620, 818 P.2d at 324 ("An insurer should not be permitted to circumvent [I.C. § 41–1839] simply by demanding arbitration after a suit is filed.").

 The proper focus in this case is that a claim submitted to the insurer by its insured should be timely resolved. Under the statute, the insurance company has thirty days to tender an "amount justly due." The thirty days is not delayed or extended while the insurer invokes the right to arbitration under the insurance contract. The insurer should respond by tender of an amount within thirty days. If the amount tendered by the insurer is unconditionally accepted by the insured, then it will represent the "amount justly due" and the case ends. If the amount is not accepted, however, and arbitrators later find that a lesser amount is due, then under I.C. § 41–1839(2), the insurance company is not liable for the insured's attorney fees. But if the insurance company makes no tender within thirty days, or makes a tender that is substantially less than the arbitrators' eventual award, the insurance company is liable for a reasonable amount of the insured's attorney fees, as compensation to make the insured whole. *Halliday v. Farmers Ins. Exchange*, 89 Idaho 293, 404 P.2d 634 (1965). The purpose of the statute is to cause the insurance company to timely make a reasonable offer and is not dependent on the arbitrators' eventual award. The insurance company acts at its peril in taking the risk not to tender an "amount justly due" but, instead, await the arbitration determination. If the insurance company, in making an offer, should be allowed to rely upon the arbitration process as a reason for delay, then that condition should be inserted into the statute by the legislature, not by this Court.

## CONCLUSION

In conclusion, we hold that the district court erred in denying Martin's claim for a reasonable sum as attorney fees under I.C. § 41–1839. This case is remanded to the district court to determine a reasonable amount for the award to Martin for his attorney fees incurred in this matter under I.C. § 41–1839, including participation in this appeal, to make Martin whole. *Halliday, supra.* Costs are also awarded to the appellant Martin.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and Justice Pro Tem REINHARDT, CONCUR.