112 P.3d 785

**Robert C. READ and Alexis M. Read, Plaintiff–Counterdefendants– Respondents,**

**v.**

**Jennifer HARVEY, Defendant– Counterplaintiff– Appellants.**

No. 31152.

Supreme Court of Idaho, Boise, February 2005 Term.

April 6, 2005.

Rehearing Denied May 18, 2005.

Moffatt, Thomas, Barrett, Rock & Fields, Boise, for appellant. Scott L. Campbell argued.

Dean & Kolts, Coeur d'Alene, for respondents. Charles R. Dean, Jr., argued.

BURDICK, Justice.

As the result of a boundary line dispute, Robert and Alexis Read (the Reads) brought a quiet-title action against Jennifer Harvey (Harvey), an owner of adjoining property. Harvey counterclaimed, requesting title to the disputed land. The district court granted summary judgment in favor of the Reads, and Harvey appealed. We reverse and remand to the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The properties owned by Harvey and the Reads were subdivided in 1972. Harvey purchased her land in 1993. The Reads purchased a portion of the subject property in 1981, adding to it in 1987 and again in 1997. The deeds in both parties' chain of title refer to the boundary between them as being either the "centerline of the creek," the "centerline of the main tributary of the creek" or the "centerline of the main tributary to Gold Creek."

There are multiple possible boundaries the parties argue could constitute "the creek." Two man-made drainage ditches run in the area between the subject properties. The first, "channel A," is proposed by the Reads as being the boundary between the properties. The second ditch, "channel B," is to the east of channel A. There is also a third ditch, referred to as "channel C," which diverts water from channel B to channel A. Harvey's expert notes the existence of a natural historical creek channel near (but not identical to) channel B. Harvey argues this natural creek channel is the creek referred to in the property deeds. According to the Reads' expert, the man-made drainage ditches on the property existed at least since the 1940s. Since its creation, channel A has consistently had water flow, whereas channel B and the natural historical creekbed have not.

The district court granted summary judgment and quieted title in the Reads' favor, setting the boundary between the properties as channel A.

Prior to the entry of summary judgment, Jerry VanOoyen, a realtor who assisted in the original 1972 subdivision of the property, submitted an affidavit supporting the Reads' position that channel A was the boundary intended by the drafters of the deeds. After the entry of summary judgment, VanOoyen submitted a second affidavit. This second

affidavit retracted the claim made in the first affidavit that channel A was the boundary. VanOoyen stated that in preparing the first affidavit he had mistakenly transposed the letters "A" and "B," and that the boundary intended in 1972 was channel B.

Harvey filed a motion for reconsideration and a motion for relief from final judgment pursuant to I.R.C.P. 60(b). The district court denied both motions. Harvey appealed and was heard by the Idaho Court of Appeals, which upheld the summary judgment and the district court's denial of the motions for reconsideration and relief from judgment, remanding the case back to the district court on the limited matter of the sufficiency of the boundary description.

Harvey filed a timely petition for review, which was granted by this Court.

## II. STANDARD OF REVIEW

■ "When considering a case on review from the Court of Appeals, this Court gives serious consideration to the Court of Appeals; however, this Court reviews the trial court decision directly." *Franklin Bldg. Supply Co. v. Sumpter,* 139 Idaho 846, 849, 87 P.3d 955, 958 (2004) (quoting *Northland Ins. Co. v. Boise's Best Autos & Repairs,* 131 Idaho 432, 433, 958 P.2d 589, 590 (1998)). Rather than reviewing the decision of the Court of Appeals, this Court hears the matter as if the case were on direct appeal from the district court. *Id.* In reviewing a ruling on a summary judgment motion, this Court employs the same standard as that used by the district court. *Sprinkler Irrigation Co. v. John Deere Ins.,* 139 Idaho 691, 695, 85 P.3d 667, 671 (2004). Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving part is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "When an action will be tried before the court without a jury, the judge is not constrained to draw inferences in favor of the party opposing a motion for summary judgment but rather the trial judge is free to arrive at the most probable inferences to be drawn from *uncontroverted* evidentiary fact." *Loomis v. City of Hailey,* 119 Idaho 434, 437,

807 P.2d 1272, 1275 (1991) (emphasis added). "All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party." *Sprinkler Irrigation Co.,* 139 Idaho at 695–96, 85 P.3d at 671–72.

## III. ANALYSIS

### A. Material Issue Of Fact

■ Harvey argues there exists in this case a genuine issue of material fact that precludes summary judgment. The property deeds in question refer to the boundary between the parties as being either the "centerline of the creek," the "centerline of the main tributary of the creek," or the "centerline of the main tributary to Gold Creek." The Reads' position, which was accepted by the district court, is that the boundary line can be determined as a matter of law. The Reads assert that channel A was the creek referred to in the deeds because, unlike any of the alternatives, channel A had consistent water flow during the time of the making of the deeds. In short, the Reads maintain that where water flows is a "creek," regardless of whether it is a natural watercourse or a man-made drainage ditch. Harvey maintains there is more at issue than the question of water flow, as a man-made drainage ditch such as channel A is not a "creek" and the drafters of the property deeds could have been referring to Gold Creek's historical natural channel.

■ "When construing an instrument that conveys an interest in land, courts seek to give effect to the intent of the parties to the transaction." *Neider v. Shaw,* 138 Idaho 503, 508, 65 P.3d 525, 530 (2003). If the instrument is unambiguous, its terms are settled as a matter of law using the plain language of the document. *Id.* "Interpretation of an ambiguous deed is a question of fact to be settled by the language of the conveyance instrument and the facts and circumstances of the transaction." *Id.* Whether a conveyance instrument is ambiguous is a question of law. *Id.* Ambiguity may be found where the language of the deed is subject to conflicting interpretations. *Id.*

The language of the deeds in this case is ambiguous in relation to the land they purport to convey. None of the proposed boundary lines unambiguously fit the language contained in the deeds. The intentions of the parties to the conveyance instruments in question are consequently unclear and must be determined as questions of fact with reference to the surrounding facts and circumstances. *Neider*, 138 Idaho at 508, 65 P.3d at 530.

Harvey and the Reads disagree regarding what physical feature of the land the drafters of the original deeds intended to invoke when referring to "the creek," the "main tributary of the creek," or "the main tributary of Gold Creek." Whether the creek referred to in the deeds is channel A, a drainage ditch which has consistently during the times in question carried water, or the comparatively dry historical natural creek channel is a genuine issue of material fact that precludes summary judgment. The district court's grant of summary judgment is therefore reversed. As a consequence of our holding, there is no need for our decision to reach the remaining issues.

## B. Attorney Fees

The Reads have requested an award of attorney fees on appeal, contending that Harvey's appeal was brought frivolously. An award of attorney fees on appeal under I.C. § 12–121 is available to the prevailing party when "the appeal was brought or defended frivolously, unreasonably or without foundation." *Lovelass v. Sword*, 140 Idaho 105, 109, 90 P.3d 330, 334 (2004). The Reads are not the prevailing party, and therefore are not entitled to an award of attorney fees.

## IV. CONCLUSION

We reverse the district court's grant of summary judgment to the Reads, and remand this case to the district court for further proceedings consistent with this opinion. Costs to the appellant.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and JONES concur.