118 P.3d 72

**CERTAIN UNDERWRITERS AT LLOYDS, LONDON, Plaintiff–Counterdefendant–Respondent,**

v.

**Pete WOLLESON, individually, and d/b/a Wolleson AG Service, and Wolleson AG Service, an Idaho limited liability company, Defendants–Counterclaimants–Appellants.**

No. 30303.

Supreme Court of Idaho, Boise, March 2005 Term.

June 20, 2005.

White Peterson, P.A., Nampa, for appellants. John R. Kormanik argued.

Racine, Olson, Nye, Budge & Bailey, Chtd., Pocatello, for respondent. Brent O. Roche argued.

SCHROEDER, Chief Justice.

This case involves a claim by Appellants Pete Wolleson, individually, and d/b/a Wolleson AG Service, and Wolleson AG Service, L.L.C. (Wolleson) that it is entitled to attorney fees under I.C. § 41–1839. The district court denied Wolleson's request for attorney fees. Wolleson appeals.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Wolleson operates a business that provides and administers fertilizers and pesticides to agricultural properties. Wolleson applied chemicals to alfalfa owned by Mr. Terrell Smith (Smith) around March 31, 2001. Wolleson had an insurance policy from Certain Underwriters at Lloyds, London (Lloyds) that provided coverage for certain risks and perils associated with the application of fertilizers and pesticides to property. The effective dates of the policy were March 4, 2001, through March 4, 2002.

Wolleson's application of chemicals allegedly caused damage to Smith's property. Wolleson timely notified Lloyds of the potential claim by Smith. Ron Egland (Egland), an independent claims adjuster working for Lloyds, attempted to contact Smith to ascertain the amount of crop loss he suffered. Smith did not provide Egland with the information he requested.

Lloyds filed a complaint for declaratory judgment, claiming that it owed no duty to defend or pay any sum on behalf of Wolleson under the policy. Lloyds asserted that Wolleson's alleged failure to properly clean his equipment before administering the chemicals to Smith's property caused the damage and was excluded from coverage under the policy. Wolleson answered, counterclaimed and demanded a jury trial. Wolleson's answer asserted numerous affirmative defenses, including that the insurance contract was illusory. The counterclaims included breach of contract and the tort of bad faith. Wolleson also claimed that it was entitled to attorney fees under I.C. §§ 12–120 and/or 41–1839.

Lloyds filed a motion for summary judgment. Wolleson responded, asking the district court to dismiss Lloyds' declaratory judgment action. The district court denied Lloyds' motion for summary judgment, finding that the insurance contract was illusory and that Lloyds had a duty to defend and indemnify Wolleson for any crop loss claim that might arise from Wolleson's application of pesticides to Smith's property. The district court granted summary judgment in favor of Lloyds on all of Wolleson's counterclaims.

The district court determined that Wolleson was the prevailing party in the litigation but was not entitled to attorney fees because it did not meet the statutory requirements of I.C. § 41–1839. The district court relied on the fact that Smith had never filed a formal proof of loss or claim with Lloyds or commenced any legal action against Wolleson for the crop damage. Wolleson appealed.

## II.

## WOLLESON IS NOT ENTITLED TO ATTORNEY FEES

### A. Standard of Review

The issue in this appeal is whether Wolleson is entitled to its attorney fees under I.C. § 41–1839. The interpretation of a statute is a question of law over which this Court exercises free review. *Martin v. State Farm Mut. Auto. Ins. Co.*, 138 Idaho 244, 246, 61 P.3d 601, 603 (2002). "The starting point for any statutory interpretation is the literal wording of the statute, and the court

will give the statute's language its plain, obvious and rational meaning." *Id.*

### B. Wolleson is not entitled to its attorney fees under I.C. § 41–1839 because Lloyds never wrongly refused to pay an "amount justly due."

■ I.C. § 41–1839(1) provides that:

Any insurer issuing any policy, certificate or contract of insurance, surety, guaranty or indemnity of any kind or nature whatsoever, which shall fail for a period of thirty (30) days after *proof of loss* has been furnished as provided in such policy, certificate or contract, to pay to the person entitled thereto the *amount justly due* under such policy, certificate or contract, shall in any action thereafter brought against the insurer in any court in this state for recovery under the terms of the policy, certificate or contract, pay such further amount as the court shall adjudge reasonable as attorney's fees in such action.

(Emphasis added).

Wolleson contends that his notification to Lloyds of the possibility that Smith may commence legal action against it for Smith's crop damage is adequate "proof of loss." Lloyds contends that "proof of loss" is a term of art in insurance law, meaning something more than notification of a potential claim. The district judge agreed with Lloyds' argument.

Regardless of whether Wolleson's notification to Lloyds of Smith's potential claim might constitute a "proof of loss" for the purposes of I.C. § 41–1839, Wolleson is unable to recover its attorney fees because Lloyds never wrongly refused to pay an "amount justly due" to Wolleson.

In *Northland Ins. Co. v. Boise's Best Autos & Repairs*, 131 Idaho 432, 958 P.2d 589 (1998), the Court examined whether or not an insured was entitled to attorney fees under I.C. § 41–1839. This Court reversed the Court of Appeals' award of attorney fees under that statute because there was no evidence of an "amount justly due" to the insured that the insurer had refused to pay. *Id.* at 434, 958 P.2d at 591. In *Union Warehouse & Supply Co. v. Illinois R.B. Jones, Inc.*, 128 Idaho 660, 917 P.2d 1300 (1996), the

Court denied an award of attorney fees under I.C. § 41–1839 in favor of the insured where the insured brought a declaratory relief action against its insurer seeking coverage, though no claim had yet been filed against the insurer. The Court noted that the damage "has yet to be, and indeed may never be, quantified or even proven.... Consequently, it would be pure speculation at this point to award attorney fees under a statutory provision which expressly requires a refusal, on the part of an insurer, to pay an amount 'justly due.'" *Id.* at 669 n. 1, 917 P.2d at 1309 n. 1.

Lloyds never refused to pay to an "amount justly due" to Wolleson. At the time Lloyds brought the declaratory relief action, the only evidence Lloyds had of what it may be required to pay Wolleson was Wolleson's estimate of Smith's damages. Wolleson is not entitled to its attorney fees under I.C. § 41–1839 because Lloyds never wrongly refused to pay an "amount justly due" to Wolleson. This is an unfortunate result because the declaratory judgment action appears to be premature. Wolleson was required to defend an action when Smith had not actually made a claim. The action was almost certainly subject to a motion to dismiss as premature and advisory only. But the district court was never presented with a motion to dismiss and the opportunity to dispose of the case at the threshold with any remedial orders that might be appropriate.

### III.

### NEITHER PARTY IS ENTITLED TO ITS ATTORNEY FEES ON APPEAL

■ Wolleson is not entitled to its attorney fees because it did not prevail in this action. Lloyds claimed attorney fees under I.C. § 12–121. Attorney fees will be awarded under I.C. § 12–121 where "this Court is left with the abiding belief that the appeal was brought or pursued frivolously, unreasonably or without foundation." *Hartman v. United Heritage Property & Cas. Co.*, 141 Idaho 193, 200, 108 P.3d 340, 347 (2005). This Court will not award attorney fees under I.C. § 12–121 where a party has made a

good faith argument for the extension of existing law. *Id.* There is no evidence in the record indicating that Wolleson unreasonably pursued this appeal. Therefore, Lloyds is not entitled to its attorney fees on appeal.

### IV.

### CONCLUSION

The decision of the district court that Wolleson is not entitled to its fees under I.C. § 41–1839 is affirmed. Lloyds is awarded costs on appeal. Neither party is entitled to its attorney fees on appeal.

Justices TROUT, BURDICK, and Justice Pro Tem KIDWELL concur.

JONES, J., specially concurring.

While I concur in the majority's opinion, I think it appropriate to expand somewhat on the last paragraph of Part II pertaining to Lloyds' "premature" action. Wolleson notified Lloyds of Smith's potential claim in June of 2001. Smith was claiming damages for crop loss in the sum of $6,000 plus interest. Lloyds' claim adjuster contacted Smith to get information about the potential claim but Smith failed to provide any. Even though Smith had failed to follow up with the rather modest damage claim, Lloyds instituted this declaratory judgment action on January 31, 2002. The parties filed cross-motions for summary judgment and the district court granted judgment in favor of Wolleson, holding the insurance contract to be illusory. At oral argument, Lloyds' counsel indicated his client instituted the declaratory judgment action because an important principle was involved. However, following the adverse judgment, Lloyds apparently did not deem enough principle was involved to assert a cross-appeal. Lloyds incurred attorney fees in the amount of $11,600 in the proceedings in district court. It isn't clear from the record how much Wolleson laid out for costs and attorney fees but it likely exceeded Smith's $6,000 damage estimate. Considering all of these factors, it appears that Lloyds not only jumped the gun by prematurely filing its suit, but it sought to exclude coverage under an illusory policy for a modest claim that was lesser in amount than each

party expended in litigation in the district court. The issue was not raised in district court or on appeal, since both parties focused their attention solely on subsection (1) of I.C. § 41–1839, but it appears that Lloyds' actions implicated subsection (4) of section 41–1839, which provides for the award of attorney fees when the court finds that a case "was brought, pursued or defended frivolously, unreasonably or without foundation." Had it been sought, a fee award against Lloyds under subsection (4) may well have been appropriate.