947 P.2d 1003

**Virginia E. ANDERSON,
Plaintiff–Appellant,**

v.

**FARMERS INSURANCE COMPANY OF
IDAHO, Defendant–Respondent.**

No. 23251.

Supreme Court of Idaho,
Pocatello, September 1997 Term.

Nov. 6, 1997.

Lowell N. Hawkes, Chtd., Pocatello, for plaintiff–appellant. Lowell N. Hawkes, argued.

Racine, Olson, Nye, Cooper & Budge, Pocatello, for defendant–respondent. Brent Roche, argued.

JOHNSON, Justice.

This is an insurance bad faith case. We conclude that the trial court correctly ruled that (1) the insurer did not waive its right to demand arbitration under the policy, (2) the insured was not entitled to attorney fees under I.C. § 41–1839, and (3) the insurer was entitled to summary judgment dismissing the insured's bad faith claim.

## I.

## THE BACKGROUND AND PRIOR PROCEEDINGS

Farmers Insurance Company of Idaho (Farmers) insured Virginia E. Anderson (Anderson) under an automobile insurance policy (the policy). In 1992, Anderson was involved in an automobile accident with an uninsured motorist (the uninsured motorist). Anderson submitted both property damage and uninsured motorist bodily injury claims to Farmers. Farmers investigated the claims and paid the total property damage claim and Anderson's initial medical bills. Anderson then retained a lawyer (Anderson's lawyer) to represent her concerning her bodily injury claim. Through a letter, Anderson's lawyer informed Farmers that Anderson intended to sue the uninsured motorist. Through its claims adjuster (the adjuster), Farmers offered Anderson $2,500.00 to settle her uninsured motorist bodily injury claim. Later, the adjuster offered Anderson the same $2,500.00, plus an additional amount for medical expenses. Anderson rejected these offers.

Farmers hired a lawyer (Farmers' lawyer) to handle Farmers' automobile subrogation claim against the uninsured motorist. Farmers' lawyer informed Anderson by letter that Farmers was subrogated to Anderson's claim against the uninsured motorist for the amounts Farmers had paid Anderson. Farmers' lawyer also told Anderson in the letter that Farmers might file suit against the uninsured motorist and that if Anderson had received any injuries in the accident for which she had not received compensation, she should notify Farmers' lawyer in order to protect her interests.

Anderson filed suit against the uninsured motorist, and Anderson's lawyer sent a copy of the complaint to Farmers' lawyer. Anderson's lawyer did not, however, inform the adjuster of this suit or advise Farmers of the progress of the suit.

Anderson obtained a default judgment against the uninsured motorist for $318,736.00. Anderson's lawyer then demanded that Farmers pay her the uninsured motorist bodily injury policy limits of $100,000.00. Farmers rejected this demand, stating that it was not bound by the default judgment against the uninsured motorist, and instead requested that the matter be arbitrated according to the policy. Prior to any arbitration proceedings, Anderson sued Farmers for bad faith, seeking both the uninsured motorist bodily injury policy limits and $10,000.00 medical payments limits. Anderson contended that Farmers breached the policy by failing to make a payment under Anderson's uninsured motorist bodily injury coverage and that the arbitration clause is unenforceable.

Farmers asked the trial court to compel arbitration on the uninsured motorist bodily injury claim. The trial court ordered arbitration and stayed further proceedings on the bad faith claim. The arbitrator awarded Anderson $35,000.00. Farmers paid this amount plus prejudgment interest of $15,401.40.

The trial court granted summary judgment dismissing Anderson's bad faith claim and denied Anderson attorney fees under I.C. § 41–1839. Anderson appealed.

## II.

### FARMERS DID NOT WAIVE ITS RIGHT TO ARBITRATION.

Anderson asserts that Farmers waived its right to demand arbitration by taking the benefit of the proceedings against the uninsured motorist while neither objecting nor demanding arbitration. We disagree.

■ Preliminarily, we note Anderson's contention that because Farmers' lawyer had knowledge of the suit against the uninsured motorist and even supplied Anderson with evidence concerning the amount to which Farmers was subrogated, Farmers had knowledge of the proceeding and had an opportunity to intervene in the case against the uninsured motorist. Anderson argues that Farmers purposely chose not to partici-

pate in the case and should therefore be bound by the default judgment. Regardless of Farmers' knowledge of the case against the uninsured motorist by Anderson, Farmers was not a party in that case and had no duty to represent the uninsured motorist there. Nor is Farmers bound by the judgment against the uninsured motorist under either claim preclusion (res judicata) or issue preclusion (collateral estoppel). An essential element of claim preclusion and issue preclusion is that the same parties or their privies must exist in both the prior case and the present case. *Magic Valley Radiology, P.A. v. Kolouch,* 123 Idaho 434, 436–37, 439, 849 P.2d 107, 109–10, 112 (1993). Farmers was not a party nor in privity with a party in the case against the uninsured motorist.

We also note in passing that the parties dispute whether arbitration under the terms of the policy is mandatory or discretionary. Regardless of the interpretation given to the arbitration clause of the policy concerning this distinction, however, Farmers did demand arbitration, thus invoking arbitration.

■ Turning to the issue of waiver, we first address the applicability of *Hansen v. State Farm Mutual Automobile Insurance Co.,* 112 Idaho 663, 735 P.2d 974 (1987). *Hansen* involved a suit in which the insurer was a named party who submitted to the jurisdiction of the trial court and participated in the case before demanding arbitration after the suit was in progress. *Id.,* at 670, 735 P.2d at 981. In contrast to *Hansen,* in Anderson's case against the uninsured motorist, Farmers was not a named party, never submitted to the jurisdiction of the trial court, and did not participate in the case. In addition, Farmers demanded arbitration prior to Anderson's filing the present case. Therefore, Farmers did not waive its right to demand arbitration under the policy.

We also reject Anderson's subsidiary argument that she is entitled at least to pursue her claim for medical benefits under the policy because only the uninsured motorist portion of Anderson's claim was subject to the arbitration clause. Anderson did not make a demand for her $10,000.00 medical payments until she filed this suit against Farmers and included no medical payments demand in her

demand to Farmers for her uninsured motorist bodily injury limits. Therefore, Anderson's entire demand upon Farmers was subject to the arbitration clause.

## III.

### ANDERSON IS NOT ENTITLED TO ATTORNEY FEES UNDER I.C. § 41–1839.

Anderson asserts that she is entitled to attorney fees under I.C. § 41–1839. We disagree.

In order for an insured to recover attorney fees against an insurer, (1) the insured must submit proof of loss as required by the insurer and (2) the insurer must fail to pay the amount justly due, (3) which in turn compels the insured to bring suit against the insurer in order to recover the loss. An insured is not entitled to attorney fees under I.C. § 41–1839(1) in an arbitration. *Wolfe v. Farm Bureau Ins. Co.*, 128 Idaho 398, 405, 913 P.2d 1168, 1175 (1996).

Anderson's demand for payment from Farmers consisted of a letter demanding the $100,000.00 uninsured motorist bodily injury limits accompanied with a copy of the default judgment against the uninsured motorist, an affidavit of Anderson's treating physician, and a brief letter outlining Anderson's past and future medical expenses. Anderson did not submit any medical bills or reports to Farmers with the demand. Anderson contends that she was under no obligation to voluntarily submit a proof of loss to Farmers. The policy includes the following duty on behalf of an insured: "Provide any written proofs of loss we require." A proof of loss must include "information reasonably available to [the insured] regarding his injury and the circumstances of the accident." *Brinkman v. Aid Ins. Co.*, 115 Idaho 346, 350, 766 P.2d 1227, 1231 (1988). Under similar policy language in *Brinkman*, however, this Court ruled that if an insurer never demands a proof of loss, an insured is under no obligation to submit one. *Id.* Therefore, Anderson's demand letter did not need to meet the requirements of a proof of loss as outlined in *Brinkman* since a proof of loss was never required by Farmers.

Anderson's uninsured motorist bodily injury claim was disputed by Farmers. If a claim is in dispute, "the question of what amount is justly due can only be resolved in retrospect, in a court of law, by the jury." *Id.* Even in a disputed claim, however, the insurer must tender to the insured, or into court, the amount it feels is justly due. I.C. § 41–1839(2). Thereafter, "[s]hould the insured fail to recover a sum in excess of the tender, then and in that event attorney fees are not assessable." *Halliday v. Farmers Ins. Exch.*, 89 Idaho 293, 301, 404 P.2d 634, 639 (1965). In this case, there was no tender at all.

Anderson's demand on Farmers was for the $100,000.00 uninsured motorist bodily injury limits. Although Anderson has not told us what amount she contends was justly due from Farmers, she seems to argue that the amount that is undisputed, and therefore justly due, was at least the amount of the prior settlement offers made by the adjuster. Settlement offers are not undisputed amounts, however. They are merely offers to compromise a disputed claim. In support of her contention, Anderson cites to the 1991 Farmers' liability training test for uninsured and underinsured motorist insurance (the liability training test). Specifically Anderson refers to the portion of the liability training test concerning arbitration which seems to equate a settlement offer with an undisputed amount. The liability training test further implores the adjuster to "NEVER withhold the undisputed portion . . .," once it has been accepted by the insured. Here, however, Anderson never accepted the settlement offers of the adjuster.

Farmers contended that Anderson's claim was worth the medical payments that had been made, while Anderson contended that her claim was worth in excess of her $100,000.00 uninsured motorist bodily injury limits. The arbitrator determined that Anderson's claim was worth $35,000.00. Neither Anderson nor Farmers was correct in arriving at the amount justly due. Under the reasoning in *Brinkman*, however, Farmers had not tendered the amount justly

due—$35,000.00. *Brinkman,* 115 Idaho at 350, 766 P.2d at 1231.

 Anderson maintains that she was compelled to bring suit against Farmers to enforce her right to payment. Farmers demanded arbitration prior to Anderson's filing this suit against Farmers. The arbitration award which Farmers paid provided Anderson with the amount justly due to her for uninsured motorist insurance. Therefore, she was neither compelled nor required to bring this suit to recover her losses. Attorney fees may be awarded to an insured under I.C. § 41–1839 only when the insured had no other option other than to file suit against his or her insurer in order to recover his or her loss. *Emery v. United Pac. Ins. Co.,* 120 Idaho 244, 247, 815 P.2d 442, 445 (1991); *see also Walton v. Hartford Ins. Co.,* 120 Idaho 616, 818 P.2d 320 (1991) (ruling that the Waltons were entitled to attorney fees under I.C. § 41–1839 because they were forced to sue Hartford after settlement negotiations had become hopelessly deadlocked).

## IV.

### THE TRIAL COURT CORRECTLY GRANTED SUMMARY JUDGMENT DISMISSING ANDERSON'S BAD FAITH CLAIM.

Anderson asserts that the trial court should not have granted summary judgment dismissing her bad faith claim. We disagree.

 In order to recover on her bad faith claim, Anderson must show: (1) the insurer intentionally and unreasonably denied or withheld payment, (2) the claim was not fairly debatable, (3) the denial or failure to pay was not the result of a good faith mistake, and (4) the resulting harm is not fully compensable by contract damages. *White v. Unigard Mut. Ins. Co.,* 112 Idaho 94, 98–100, 730 P.2d 1014, 1018–20 (1986).

 The thrust of Farmers' motion for summary judgment of Anderson's bad faith suit was that Farmers had not intentionally denied or withheld payment and that Anderson's claim was fairly debatable. Farmers consistently maintained that the remaining medical bills and general damages were in dispute, and in particular that Anderson's automobile accident was not a significant factor in causing her medical problems. Furthermore, although some of the medical expenses and general damages were a result of Anderson's uninsured accident, Farmers raised the question of apportionment between this accident and a prior work-related injury to Anderson. Farmers demanded arbitration because Anderson's claim was disputed. "An insurer does not act in bad faith when it challenges the validity of a 'fairly debatable' claim. . . ." *White,* 112 Idaho at 100, 730 P.2d at 1020. Once the arbitration award was rendered, Farmers paid the amount awarded. Good faith and fair dealing with an insured does not include the payment of sums that are reasonably in dispute, but only the payment of legitimate damages. *Id.* at 97, 730 P.2d at 1017. There is no evidence to support Anderson's contention that her claim was not reasonably in dispute. Therefore, there is no genuine issue of material fact concerning her bad faith claim.

## V.

### CONCLUSION

We affirm the trial court's summary judgment dismissing Anderson's claims.

We award Farmers costs, but not attorney fees, on appeal.

TROUT, C.J., and SILAK, SCHROEDER and WALTERS, JJ., concur.