958 P.2d 1145

**Charles E. ROPER, Plaintiff–Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant–Respondent.**

No. 23415.

Supreme Court of Idaho, Boise, December 1997 Term.

May 28, 1998.

Hines Law Offices, Boise, for appellant. William J. Hines argued.

Elam & Burke, P.A., Boise, for respondent. Bobbi K. Dominick argued.

SILAK, Justice.

This case involves an appeal from two orders granting partial summary judgment dismissing causes of action for bad faith and intentional infliction of emotional distress against an insurance company by the insurance claimant. We affirm the order dismissing the bad faith claims, but vacate the order dismissing the claim for intentional infliction of emotional distress and remand for further proceedings. Appellant also appeals an order granting a motion in limine for the respondent. We decline to rule on that issue as it is not properly before this Court.

## I.

### FACTS AND PROCEDURAL BACKGROUND

On June 29, 1991, appellant Charles E. Roper (Roper) was injured in an automobile accident when his car was struck by another car which had run a red light. Respondent State Farm Insurance Company (State Farm) carried the automobile insurance for Roper's vehicle and the vehicle of the other driver. Roper's coverage included medical coverage for reasonable and necessary medical expenses for bodily injuries caused by an accident. Two different insurance agents were assigned to the claim, since State Farm insured both parties involved in the accident. Scott Bengoechea (Bengoechea) was assigned to Roper's claim (first party claim) and Loretta Halling (Halling) was assigned to the tortfeasor's claim (third party claim).

Prior to the accident, Roper suffered from extensive medical conditions including back pain, headaches and blurred vision from a prior surgery to remove an epidermoid pituitary tumor, depression and gastrointestinal ailments, which included gall bladder surgery, stomach surgery and hernia surgery. Roper's alleged injuries from the accident include neck and shoulder injuries, back pain and aggravation of his gastrointestinal ailments and depression.

In processing the claim, State Farm requested a medical release from Roper. Roper signed the release and wrote on the bottom of the release "[t]his is for my insurance claim only—this information is not for the girl's ins that hit me—AKA—the other party involved." Roper had also signed a medical release for the third party claim. On February 26, 1992, Bengoechea noted that Halling was having trouble settling the third party claim with Roper. Shortly thereafter, Bengoechea provided Halling with a copy of all of Roper's medical records in the file. When asked by Roper's counsel if any of the files had been shared, Bengoechea stated that they had not.

After the accident, Roper attended physical therapy intermittently, although there was little to no improvement in his condition. During this time, Roper saw several physicians who determined various causes for Roper's existing condition. After November 1992, State Farm stopped paying any of Roper's medical bills. A review of Roper's medical records was completed by a medical records review service (CMR) on February 3, 1993. This review concluded that the accident had aggravated prior medical conditions and that the aggravation would require 45 to 60 days to heal.

On January 6, 1993, Roper's counsel was contacted and informed that State Farm wanted to schedule an Independent Medical Examination (IME). The IME was not scheduled until March of 1994. On April 26, 1994, the IME Panel conducted an evaluation and concluded that the conditions were no more than a temporary aggravation of preexisting conditions. The panel suggested that treatment incurred up to one year following the accident should be paid. Following the IME, State Farm paid all bills incurred up to one year following the accident and denied all others. Four bills were not paid. Ultimately, State Farm paid a total of $7,816.73 for Roper's medical bills and denied payment of $2,918.27. Denial was based on a determination by State Farm that the expenses were unnecessary or unrelated to the automobile accident.

Roper filed suit against State Farm on September 20, 1993 for: (1) breach of contract; (2) bad faith; (3) intentional infliction of emotional distress; (4) breach of fiduciary duty; (5) negligent bad faith; and (6) intentional interference with a property interest.

On September 28, 1995, the district court granted a motion for partial summary judgment dismissing the bad faith claims, holding that the medical claims were "fairly debatable." Subsequently, the court reversed itself on two of the bills, thereby reinstating the bad faith claims for two of the four medical bills. On February 1, 1996, the court granted another partial summary judgment dismissing all claims except the claims for breach of contract and bad faith on the two remaining bills.

The district court then granted State Farm's motion in limine preventing Roper from introducing any information regarding the sharing of medical information by the two insurance agents. The district court granted the motion finding that the evidence was not relevant and its probative value was outweighed by its prejudicial effect. Roper then voluntarily dismissed the remaining breach of contract and bad faith claims under I.R.C.P. 41(a)(2), so he could directly appeal the granting of summary judgment on the bad faith and intentional infliction of emotional distress claims and the granting of the motion in limine. The claims were dismissed without prejudice.

On December 19, 1996, this Court entered an order remanding the case for entry of a judgment as to counts three through six. The district court dismissed counts three through six "with prejudice" on December 27, 1996.

## II.

### ISSUES ON APPEAL

The following issues are raised on appeal:

(1) Whether the district court erred in granting the motion for summary judgment as to the bad faith claims.

(2) Whether the district court erred in dismissing Roper's cause of action for intentional infliction of emotional distress.

(3) Whether the district court erred in granting a motion in limine preventing the introduction of evidence of State Farm's bad conduct.

## III.

### STANDARD OF REVIEW

On appeal from a summary judgment this Court reviews the pleadings, depositions, affidavits, and admissions on file. *Thompson v. Pike*, 125 Idaho 897, 899, 876 P.2d 595, 597 (1994). The evidence must be construed in the light most favorable to the party opposing the motion. *Id.* If the evidence reveals no disputed issues of material fact, then the motion was properly granted. *Id.* at 900, 876 P.2d at 598.

## IV.

### ANALYSIS

**A. The District Court Did Not Err In Granting The Motion For Summary Judgment Dismissing The Claims For Bad Faith.**

■ The district court originally granted State Farm's motion for partial summary judgment and dismissed the bad faith claims on all four of the outstanding medical bills. Subsequently, the district court reversed itself on two of the bad faith claims, reinstating these claims. Roper then voluntarily dismissed the two reinstated bad faith claims. Therefore, we are reviewing the dismissal of the bad faith claims as to the two outstanding medical bills which were dismissed by summary judgment. Roper alleges that since there was conflicting medical evidence, there was a factual dispute as to whether the bills were fairly debatable and that therefore, summary judgment was inappropriate.

■ In *White v. Unigard Mut. Ins. Co.*, 112 Idaho 94, 730 P.2d 1014 (1986), this Court acknowledged that an insurer does not act in bad faith if it challenges the validity of a "fairly debatable" claim or when the delay results from honest mistakes. *Id.* at 100, 730 P.2d at 1020; *see also, Anderson v. Farmers Ins. Co. of Idaho*, 130 Idaho 755, 759, 947 P.2d 1003, 1007 (1997). As stated by this Court in *Anderson*, "[g]ood faith and fair dealing with an insured does not include the payment of sums that are reasonably in dispute, but only the payment of legitimate damages." *Id.* Therefore, if payment of the

bills is reasonably in dispute, an investigation by the insurance company as to the causal relationship between the medical condition and the accident, and eventually a determination that the conditions are not causally connected to the accident, does not create a claim for bad faith. In *Greene v. Truck Ins. Exchange,* 114 Idaho 63, 753 P.2d 274 (Ct. App.1988), the Court of Appeals held that even if an investigation could have been completed more expeditiously, there was no bad faith unless the company delayed, intending to "achieve delay for delay's sake." *Id.* at 68, 753 P.2d at 279.

The district court was correct in finding that no material issues of fact existed as to whether the cause of Roper's injuries was fairly debatable. There were numerous reports from doctors questioning the causal relationship and the IME concluded that the accident only slightly aggravated preexisting conditions and that State Farm should not pay for any medical treatments beyond one year from the accident. State Farm paid all medical bills incurred within one year of the accident. Both of the bills at issue were for treatment which occurred more than a year from the accident.

Additionally, there were extensive pre-accident conditions and even post-accident injuries sustained by Roper. Roper did not present sufficient proof that State Farm delayed the payment of the bills for the sake of delay. There were numerous medical examinations conducted by several doctors, many of which were conducted at the request of State Farm. Considering the complex medical details of these claims and the differing responses by the numerous doctors involved, it is evident these claims were "fairly debatable." Cf. *Lucas v. State Farm Fire and Cas. Co.,* 1998 WL 270007 (Docket No. 23416, May 28, 1998) (holding that material issues of fact existed as to whether the claims were fairly debatable when surgeon who conducted surgery on the injured party had stated unequivocally to the insurance company that the injury was caused by the accident).

Therefore, no material issue of fact existed as to whether the claims were fairly debatable. Consequently, the order of the district court entering summary judgment on the bad faith claims dealing with the two medical bills is affirmed.

**B. The Summary Judgment Dismissing The Claim For Intentional Infliction Of Emotional Distress Was In Error.**

■ In Count Three of his complaint, Roper alleged a cause of action for intentional infliction of emotional distress. The district court granted State Farm's motion for partial summary judgment and ordered that Count Three of the complaint be dismissed with prejudice. In so ruling the district court relied on *Brown v. Fritz,* 108 Idaho 357, 699 P.2d 1371 (1985). The district court followed *Brown's* reasoning that punitive damages in a breach of contract action would be the proper remedy for outrageous conduct rather than emotional distress damages which the jury had awarded for the separately pled tort of negligent infliction of emotional distress. *Brown,* 108 Idaho at 363, 699 P.2d at 1377. For the following reasons, we vacate the district court's order dismissing Count Three, and remand for further proceedings on the claim of intentional infliction of emotional distress.

The holding in *Brown v. Fritz, supra,* does not prevent Roper from maintaining a claim of intentional infliction of emotional distress in this action. *Brown's* prohibition of emotional distress damages is limited by the following statement:

We emphasize that our ruling today speaks only to damages asserted for emotional distress which arise from or have their roots in the breach of a contractual relationship. We do not speak to the question of purely tortious conduct arising outside of and apart from a contractual relationship.

*Brown,* 108 Idaho at 363, 699 P.2d at 1377.

The relationship between Roper and State Farm can be distinguished from the purely contractual relationship existing between Brown and the Fritzes. In *White v. Unigard Mut. Ins. Co.,* decided one year after *Brown,* this Court recognized the tort of bad faith breach of insurance contract and cited as one

of the "foundations" of the tort the "unique relationship of the insurer and the insured." *White,* 112 Idaho at 100, 730 P.2d at 1020. The relationship between Roper and State Farm is not merely contractual but is unique, as detailed in *White v. Unigard. Id.* at 99–100, 730 P.2d at 1019–20. Thus, the holding of *Brown v. Fritz* does not limit an insured's ability to claim the independent tort of intentional infliction of emotional distress against its insurer.

As noted, the district court specifically relied on *Brown's* analysis that punitive damages in a breach of contract action would be the proper remedy for outrageous conduct rather than a separate cause of action for negligent infliction of emotional distress. Roper argues, and State Farm concedes, that *Walston v. Monumental Life Ins. Co.,* decided after the district court's decision in this case, held that damages are available for emotional distress in bad faith breach of insurance contract cases. *Walston,* 129 Idaho 211, 219, 923 P.2d 456, 464 (1996). *Walston* is factually distinguishable from *Brown* and from the procedural facts here: in *Walston,* the plaintiff did not maintain an entirely separate cause of action for infliction of emotional distress, but rather sought emotional distress damages as an element of damages in the bad faith cause of action. Nevertheless, because of the district court's analysis it is instructive to review *Walston's* discussion of the availability of emotional distress damages in bad faith cases:

> The next question is whether there is a problem with the award for emotional distress coexisting with the punitive damage award. The *Brown* Court commented that "there is no significant, if in fact any, difference between conduct by a defendant which may be seen to justify an award of punitive damages, and conduct which may justify an award of damages for emotional distress." While the conduct giving rise to a claim for emotional distress and a claim for punitive damages may be of the same quality, it does not follow that the award of damages is either duplicative or must be co-extensive. The emotional distress damages are awardable for a condition particular to the aggrieved party. Punitive damages are awardable primarily to deter future bad conduct. There need be no overlap between the two.

*Walston,* 129 Idaho at 220, 923 P.2d at 465 (quoting *Brown,* 108 Idaho at 362, 699 P.2d at 1376). Under the holding in *Walston,* emotional distress damages are properly awardable in connection with a cause of action for bad faith in the performance of an insurance contract.

Even though our opinion affirms the district court's dismissal of Roper's bad faith claims, nevertheless a separate cause of action for the tort of intentional infliction of emotional distress can be maintained, if all of the elements of the tort are proven. Although possibly supported by the same facts as the bad faith claims, the intentional infliction of emotional distress claim is a separate cause of action. As stated in *Spence v. Howell,* those elements are: "(1) the conduct was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress was severe." *Spence,* 126 Idaho 763, 774, 890 P.2d 714, 725 (1995). If Roper can prove that State Farm's actions were intentional or reckless, extreme and outrageous, and the cause of severe emotional distress, a cause of action for intentional infliction of emotional distress is available.

Since the district court granted the partial summary judgment based upon *Brown,* the dismissal was in error. Therefore, we vacate the order of the district court and remand for further proceedings.

### C. The Motion In Limine Is Not Properly Before This Court.

■ The district court granted the motion in limine excluding any information regarding the sharing of medical information by the two insurance agents as proof of bad faith on the part of State Farm. The district court ruled that the information was not relevant and that its probative value was outweighed by its prejudicial effect.

Roper voluntarily dismissed his remaining bad faith claims. We have affirmed the dismissal of the bad faith claims by the district court. Therefore, in order for Roper to pursue any bad faith claims against State Farm, he would have to refile the remaining claims.

A ruling on whether the granting of the motion in limine was in error would be merely an advisory opinion, which this Court does not render. Therefore, we decline to rule on the order granting the motion in limine.

## V.

### CONCLUSION

We hold that the district court was correct in determining that no material issues of fact existed as to whether the two dismissed medical bills comprised a claim that was fairly debatable and, therefore, summary judgment is affirmed. The district court erred in dismissing the intentional infliction of emotional distress claim. We decline to rule on the motion in limine. No costs or attorney fees are awarded on appeal.

TROUT, C.J., and JOHNSON and WALTERS, JJ., concur.

SCHROEDER, Justice, concurs in the result.

I concur with the result in this case, noting that the claim in *Lucas v. State Farm & Fire Cas. Co.*, 1998 WL 270007 (S.Ct. Docket No. 23416, May 28, 1998) was also fairly debatable under a reasonable interpretation of the facts and reiterating the observations I make in the dissent to that case.