106 P.3d 440

**Shirley SCAGGS and John Scaggs, husband and wife, Plaintiffs– Respondents,**

**v.**

**MUTUAL OF ENUMCLAW INSURANCE COMPANY, Defendant–Appellant.**

**No. 29724.**

Supreme Court of Idaho, Boise, December 2004 Term.

Jan. 28, 2005.

---

Cantrill, Skinner, Sullivan & King, LLP, Boise, for appellant. Robert D. Lewis argued.

Murphy Law Office, P.L.L.C., Caldwell, for respondents. Michaelina B. Murphy argued.

KIDWELL, Justice Pro Tem.

This is an appeal from a judgment awarding attorney fees. The district court relied upon the holding of *Anderson v. Farmers Ins. Co. of Idaho*, 130 Idaho 755, 947 P.2d 1003 (1997), and denied the Scaggs' first Motion to Award Attorney Fees in its Decision and Order dated October 10, 2002. On December 31, 2002, the Idaho Supreme Court issued *Martin v. State Farm Mut. Auto. Ins. Co.*, 138 Idaho 244, 61 P.3d 601 (2002), which disapproved *Anderson*. As a direct result of the *Martin* decision, the Scaggs filed a Second Motion for Attorney Fees on February 7, 2003. On May 2, 2003, the district court retroactively applied *Martin*, set aside the original order and awarded attorney fees to the Scaggs. We hold the district court did not have jurisdiction to apply the ruling of *Martin* to modify the October 10, 2002 Decision and Order denying attorney fees.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Shirley and John Scaggs were involved in an automobile accident on December 31, 2000. Shirley was seriously injured as a result of the accident. The other driver, Mary Vis, was at fault. In April 2001, Vis' insurance company tendered $25,000 to Shirley, the full coverage under Vis' policy. Shirley's loss exceeded this amount.

John and Shirley Scaggs' automobile insurance policy, purchased from Mutual of Enumclaw Insurance Company (Mutual of Enumclaw), included uninsured or underinsured motorist coverage providing up to $500,000 per accident. On April 30, 2001, Shirley put Mutual of Enumclaw on notice that she had an underinsured motorist claim arising from the accident with Mary Vis. Upon Mutual of Enumclaw's request, the Scaggs provided detailed proof of loss on September 27, 2001. Mutual of Enumclaw replied on November 1, 2001, offering to settle the claim for $113,800 with immediate payment of $78,800. Mutual of Enumclaw noted if that was unacceptable it was prepared to pay the Scaggs the amount not in dispute ($78,000) and negotiate the rest in arbitration. The Scaggs filed suit on November 6, 2001. On November 13, 2001, counsel for the Scaggs informed Mutual of Enumclaw that they would accept the offer of $78,000 and arbitrate the remainder of the claim. Mutual of Enumclaw tendered a check for $78,000 on November 27, 2001. An arbitration award was entered on June 27, 2002, that granted the Scaggs $16,200 over Mutual of Enumclaw's November offer.

The district court confirmed the arbitration award and denied the Scaggs' Motion to Award Attorney Fees in its Decision and Order dated October 10, 2002. The district court noted that reasonable attorney fees may be awarded pursuant to Idaho Code § 41–1839, which states:

Any insurer issuing any policy, certificate or contract of insurance, surety, guaranty or indemnity of any kind or nature whatsoever, which shall fail for a period of thirty (30) days after proof of loss has been furnished as provided in such policy, certificate or contract, to pay to the person entitled thereto the amount justly due under such policy, certificate or contract, shall in any action thereafter brought against the insurer in any court in this state for recovery under the terms of the policy, certificate or contract, pay such further amount as the court shall adjudge reasonable as attorney's fees in such action.

While the district court acknowledged that Mutual of Enumclaw's payment of the undisputed amount was not made within thirty days, it denied the Motion for Attorney Fees. It reasoned:

> Although the language of the statute itself does not contain the requirement that the insured must be compelled to file a lawsuit to recover on their contract claim against their insurer, this is certainly the interpretation placed upon the statute by the Idaho Supreme Court. *Emery v. United Pacific Ins. Co.,* 120 Idaho 244, 815 P.2d 442 (1991), *Anderson v. Farmers Ins. Co.,* 130 Idaho 755, 947 P.2d 1003 (1997), *Walden v. Nationwide Ins. Co.,* 131 Idaho 18, 951 P.2d 949 (1998). In *Anderson,* the Supreme Court stated that attorney fees may be awarded under I.C. § 41–1839 "only when the insured had no other option other than to file suit against his or her insurer in order to recover his or her loss." It relied upon the same principle in *Walden.* Based on the particular facts of this case, where both sides were indicating their intention to seek arbitration in their correspondence, it cannot be said that the insured had no other option other than to file suit against Mutual of Enumclaw.

On December 31, 2002, the Idaho Supreme Court issued *Martin v. State Farm Mut. Auto. Ins. Co.,* 138 Idaho 244, 61 P.3d 601 (2002). *Anderson* was disapproved by *Martin.* The Court held, "Because there is no requirement in the statute that the plaintiff be 'compelled' to bring an action, our opinion stating otherwise in *Anderson* is inconsistent with the statute and is disapproved." *Martin,* 138 Idaho at 247, 61 P.3d at 604. As a direct result of the *Martin* decision, the Scaggs filed a Second Motion for Attorney Fees on February 7, 2003. On May 2, 2003, the district court retroactively applied *Martin,* set aside the original order and awarded attorney fees. Mutual of Enumclaw timely appealed.

## II.

## ANALYSIS

### The District Court Erred When Granting The Scaggs' Second Motion For Attorney Fees.

On October 10, 2002, the district court issued a Decision and Order that confirmed the arbitration award and denied the Scaggs' request for attorney fees. In its Order dated May 2, 2003, the district court viewed the prior Decision and Order as a final judgment; it stated, "While not expressly framed as such, it is clear that the motion before the court is to alter the prior judgment pursuant to I.R.C.P. 60(b) which empowers a court to relieve a party from a *judgment which is otherwise final.*" (emphasis added). The district court relied upon I.R.C.P. 60(b) when it entered the new ruling granting attorney fees. However, in their briefs and at oral argument, both parties maintain that I.R.C.P. 60(b) is not applicable to this case.

Mutual of Enumclaw agrees with the district court's characterization of the October 10, 2002 Decision and Order as a final judgment, but argues it was error to grant the second Motion for Attorney Fees since no appeal was perfected within 42 days as required by I.A.R. 14. The Scaggs dispute the district court's characterization of the October 10, 2002 Decision and Order as a final judgment. They argue their first Motion for Attorney Fees should be treated as a summary judgment motion, and that the October 10, 2002 Decision and Order confirming the arbitration award and denying attorney fees effectively denied in part the Scaggs' summary judgment motion. They assert that the issuance of a Rule 54(b) certificate was required in order for the judgment to be

considered final. Therefore, the Scaggs argue that their Second Motion for Attorney Fees was effectively a motion for reconsideration and the October 10, 2002 Decision and Order is subject to revision at any time prior to the issuance of a Rule 54(b) certificate.

We hold the October 10, 2002 Decision and Order is a final judgment and the Scaggs' Motion for Attorney Fees is not a summary judgment motion. Even if this Court were to accept the Scaggs' position that their first Motion for Attorney Fees should be considered a motion for summary judgment, the October 10, 2002 Decision and Order is still a final judgment. "The general rule is that if an order or judgment ends the suit, adjudicates the subject matter of the controversy, and represents a final determination of the rights of the parties, the instrument constitutes a final judgment." *Davis v. Peacock*, 133 Idaho 637, 640, 991 P.2d 362, 365 (1999). In *Davis*, the Court held the summary judgment entered was final and appealable because there were no claims left to be resolved. *Id.* at 640–41, 991 P.2d at 365–66. Similarly, in this case there were no issues left after the district court's ruling. The district judge stated, "I think the case is done, because I have ordered that the award be confirmed, and the only thing that's left is the attorney fees issue, so I don't know if it needs a 54(b), if that's all that's left." Therefore, even if treated as a summary judgment motion, the Scaggs' Motion for Attorney Fees is a final judgment without the issuance of a Rule 54(b) certificate.

The October 10, 2002 Decision and Order is a final judgment. Both Mutual of Enumclaw and the Scaggs have stated in their briefs and at oral argument that the application of I.R.C.P. 60 is not appropriate here. The Scaggs were required to appeal the final judgment entered on October 10, 2002, within 42 days under I.A.R. 14. Because they failed to do so, the district court did not have jurisdiction to apply the ruling of *Martin* to change the original decision denying attorney fees.

### III.

### CONCLUSION

The October 10, 2002 Decision and Order denying attorney fees is reinstated. Costs are awarded to Appellant Mutual of Enumclaw.

Justices TROUT, EISMANN, BURDICK and SCHILLING, Pro Tem. concur.