The LAPETER 1985 LIVING TRUST, Plaintiff,

and

v.

CANADA LIFE INSURANCE COMPANY OF AMERICA, Defendant–Appellee.

No. 07–35668.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 11, 2008.*

Filed Jan. 5, 2009.

Emil R. Berg, Esquire, Frederick Shoemaker, Esquire, Greener Banducci Shoemaker P.A., Boise, ID, for Plaintiffs–Appellants.

Robert A. Faucher, B. Newal Squyres, Jr., Esquire, Holland & Hart, LLP, BOISE, ID, for Defendant–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOULD, TALLMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Sharon and Alfred LaPeter ("LaPeter"), as trustees of the LaPeter 1985 Living Trust, appeal the district court's order granting summary judgment to Canada Life Insurance Company of America ("Canada Life") on LaPeter's contract claims concerning the refinancing of his loan for the ParkCenter Mall in Boise, Idaho (the "Mall"). We affirm the judgment of the district court, and we award Canada Life attorney fees incurred on this appeal. We remand for the limited purpose of determining a reasonable amount for fees and costs covering this appeal.

We may affirm the district court on any ground supported by the record. *Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir.2003) (per curiam). Because we conclude Canada Life was entitled to summary judgment on the ground of LaPeter's material misrepresentations, we need not address the parties' other claims.

Canada Life was entitled to cancel the parties' Loan Commitment Letter ("LCL") because LaPeter made material misrepresentations concerning the Talbots lease, which entitled Canada Life to terminate the LCL. *See Robinson v. State Farm Mutual Auto. Ins. Co.*, 137 Idaho 173, 45 P.3d 829, 836 (2002). ("[I]f a party's manifestation of assent to contract was induced by either a fraudulent or a material misrepresentation by the other party, upon which the recipient was justified in relying, the contract was voidable by the recipi-. ent."). Canada Life has provided clear and convincing evidence of LaPeter's misrepresentations. *See Faw v. Greenwood*, 101 Idaho 387, 613 P.2d 1338, 1340 (1980). At the onset of refinancing negotiations LaPeter told Canada Life that Talbots would not renew its lease and that the Mall would thus generate less rental income. LaPeter later learned that Talbots decided to extend its lease, yet subsequently he told or represented to Canada Life on several occasions that Talbots was leaving the Mall. Moreover, even if we had determined to the contrary that LaPeter made no misleading statements, he still breached his affirmative duty under Idaho law to inform Canada Life of the Talbots lease extension because disclosure was necessary "to prevent a partial statement of the facts from being misleading." *Sowards v. Rathbun*, 134 Idaho 702, 8 P.3d 1245, 1250 (2000). LaPeter's misrepresentations were material because the Talbots renewal gave LaPeter substantially more rental income than he had represented to Canada Life; in fact, it had a larger impact on future rent than did the KeyBank lease modifications.

LaPeter's other claims fail in light of his material misrepresentations regarding the Talbots lease. We affirm the district court's grant of summary judgment on LaPeter's claim that Canada Life breached the covenant of good faith because Canada Life was entitled to terminate the LCL once it discovered LaPeter's material misrepresentations. Similarly, we reject LaPeter's contention that whether the loan's five percent interest rate was below the market rate represents a genuine issue of material fact. The interest rate issue is not material because LaPeter's misrepresentations justified Canada Life's termination of the LCL regardless of whether the LCL's interest rate was below market.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

We hold that Canada Life is entitled to appellate attorney fees. This lawsuit concerns a commercial transaction for purposes of Idaho Code § 12–120(3). *Cf. Interform Co. v. Mitchell*, 575 F.2d 1270, 1280 (9th Cir.1978) ("We must, of course, follow Idaho law as to attorney's fees in this diversity action."). Canada Life is the prevailing party because it has defeated LaPeter's claims through summary judgment. Under Idaho law it is entitled to reasonable attorney fees incurred on appeal. *See Blimka v. My Web Wholesaler, LLC*, 143 Idaho 723, 152 P.3d 594, 599–600 (2007). We remand to the district court for calculation of fees. *Maljack Productions, Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 891 (9th Cir.1996).

**AFFIRMED and REMANDED.**