**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ENGINEERED STRUCTURES, INC., a corporation of Idaho, an Idaho corporation, | No. 18-35588 |
| Plaintiff-Appellee, | D.C. No. 1:16-cv-00516-CWD |
| v. | MEMORANDUM* |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation, | |
| Defendant-Appellant. | |
| ENGINEERED STRUCTURES, INC., a corporation of Idaho, an Idaho corporation, | No. 18-35589 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00516-CWD |
| v. | |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted July 9, 2020
Portland, Oregon

Before:  BENNETT and MILLER, Circuit Judges, and NAVARRO,[**] District Judge.

This cross-appeal centers on the scope of insurance coverage from a builders' risk policy ("the Policy") between Travelers Property Casualty Company of America ("Travelers Insurance") and Engineered Structures, Inc. ("ESI").  The Policy covered risks of loss while ESI built a fueling station for Fred Meyer Stores, Inc., in Portland, Oregon.  Damages occurred when an underground fuel storage tank "floated" in a "wet" excavation hole before the tank's complete installation.  Travelers Insurance investigated and determined that the damages resulted from ESI or its subcontractor, 3 Kings Environmental, Inc. ("3 Kings"), not placing enough ballast water into the tank to prevent floatation during a period of rainy weather.  Travelers Insurance thus denied coverage for ESI's damages, citing an exclusion in the Policy barring coverage for "faulty, inadequate or defective . . . workmanship [or] construction" ("the Exclusion").  ESI then sued Travelers Insurance for breach of contract, negligence, breach of the implied covenant of good faith and fair dealing (bad faith), and declaratory judgment.

---

[**]    The Honorable Gloria M. Navarro, United States District Judge for the District of Nevada, sitting by designation.

The district court, relying mainly on *Allstate Ins. Co. v. Smith*, 929 F.2d 447 (9th Cir. 1991), found the Exclusion to be ambiguous based on faulty "workmanship" being susceptible to two reasonable interpretations: (1) excluding only losses caused by a flawed product; or (2) excluding losses caused by a flawed process. The district court accordingly construed the Exclusion in favor of coverage, meaning the "product" interpretation governed and the Exclusion did not apply because ESI's damages did not occur from a flaw in the underground storage tank. Because the Exclusion did not apply, the district court granted summary judgment to ESI on its breach of contract claim. However, the district court granted summary judgment to Travelers Insurance with ESI's bad faith claim.[1]

Travelers Insurance appeals the district court's grant of summary judgment on the breach of contract claim, and ESI appeals the district court's grant of summary judgment on its bad faith claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the district court's grant of summary judgment is de novo. *Trishan Air, Inc. v. Fed. Ins. Co.*, 635 F.3d 422, 426 (9th Cir. 2011).

---

[1] The district court granted summary judgment to Travelers Insurance with ESI's third cause of action for negligence, and ESI listed that decision as one of the issues in its Notice of Appeal. However, ESI presented no argument in its appellate briefing about the negligence cause of action. We accordingly decline to address it. *See Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010) ("We review only issues which are argued specifically and distinctly in a party's opening brief." (quoting *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994))).

Similarly, "[c]onstruction of a contractual insurance policy provision is a question of law and therefore subject to de novo review." *Id.* (quoting *Assurance Co. of Am. v. Wall & Assocs. LLC of Olympia*, 379 F.3d 557, 560 (9th Cir. 2004)); *Universal Cable Prods., LLC v. Atl. Specialty Ins. Co.*, 929 F.3d 1143, 1151 (9th Cir. 2019). Both parties agree that Idaho law governs this diversity action. Applying these standards here, we reverse in part, affirm in part, and remand for further proceedings.

We reverse the district court's grant of summary judgment on ESI's breach of contract claim. The Exclusion at issue here states Travelers Insurance "will not pay for loss or damage caused by or resulting from faulty, inadequate or defective . . . [d]esign, specifications, *workmanship*, repair, *construction*, renovation, remodeling, grading or compaction." (emphasis added). The district court focused on "workmanship" to find the Exclusion ambiguous and inapplicable. But that focus disregarded the Exclusion's unambiguous, process-oriented use of "construction." Indeed, the term "construction" appears several times throughout the Policy as referring to the process of completing the project rather than a defect in the final product being built. The Policy's section on "covered property," for example, defines "completion of the project" as including "construction activities" like "site preparation . . . fabrication, assembly, installation, erection, alteration, [and] renovation. Similarly, in another section on coverage, the Policy instructs

the insured to "see that the following are done in the event of a loss . . . Resuming, as soon as possible, all or any part of the construction or repair; . . . ."  We find no reason to interpret "construction" in the Exclusion different than the Policy's provisions on coverage—as a term referring to the "process" in completing the covered project. *See McFarland v. Liberty Ins. Corp.*, 434 P.3d 215, 222 (Idaho 2019) ("This Court 'must construe the policy as a whole, not by an isolated phrase.'" (quoting *Cascade Auto Glass, Inc. v. Idaho Farm Bureau Ins. Co.*, 115 P.3d 751, 754 (Idaho 2005))).

Because we find that "construction" carries an unambiguous, process-oriented meaning in the Exclusion, remand is appropriate.  The district court merely "assume[d] insufficient ballast was in the [storage tank] at the time of the loss," because that assumption did not affect this case's outcome if the Exclusion were ambiguous.  Further proceedings before the district court are necessary to resolve whether ESI's losses were, in fact, "caused by or result[ed] from faulty, inadequate or defective . . . construction," thus making the Exclusion applicable.

Since we remand for further proceedings on the Exclusion's application, we must also address the district court's references to the Policy's provision on "resulting loss or damage."  This provision clarifies that if an "excluded cause of loss [e.g. faulty construction] . . . results in a Covered Cause of Loss, [Travelers Insurance] will pay for the resulting loss or damage caused by that Covered Cause

5

of Loss." ESI claims this provision means that the Exclusion bars coverage for only the defect itself (i.e. the cost of putting more ballast water into the tank), while the "resulting loss or damage" provision reinstates coverage for all other damages. Travelers Insurance counters that the "resulting loss or damage" provision does not apply here, because all damages stemmed from faulty construction allowing the tank to float when rain accumulated in the "wet" excavation hole.

We find both parties' positions on the "resulting loss or damage" provision untenable. The "resulting loss or damage" provision does not contain an anti-concurrent causation clause, so the Exclusion would not bar coverage for all of ESI's damages if faulty construction was one factor among others causing the storage tank's floatation. *Cf. ABK, LLC v. Mid-Century Ins. Co.*, 454 P.3d 1175, 1183 n.3 (Idaho 2019) ("An anti-concurrent causation clause . . . in an insurance policy states that where a property loss is caused by a combination of excluded and covered perils, the entire loss is excluded from coverage." (quotation and citation omitted)). Yet ESI is incorrect in its position that the "resulting loss or damage" provision would reinstate coverage for all damages other than the cost of additional ballast water needed to prevent floatation. That position ignores the Policy's language stating how in no circumstance will Travelers Insurance pay for "any cost incurred to tear down, tear out, repair or replace any part of any property to correct

6

the fault, inadequacy or defect."  Ultimately, however, we leave it to the district court for further proceedings on whether an "excluded cause of loss" did, in fact, "result[] in a Covered Cause of Loss"; and, if so, the scope of the "resulting loss or damage" provision in light of our guidance here.

Aside from ESI's breach of contract claim, we affirm the district's grant of summary judgment on ESI's bad faith claim.  Travelers Insurance submitted evidence to support a reasonable dispute about insurance coverage.  The burden thus shifted to ESI to show a genuine dispute of material fact about its claim for coverage *not* being "fairly debatable." *See, e.g.*, *Lakeland True Value Hardware, LLC v. Hartford Fire Ins. Co.*, 291 P.3d 399, 404 (Idaho 2012) ("[A]n insurer does not act in bad faith if it declines to pay sums that are reasonably in dispute.").  While ESI presented evidence showing that Travelers Insurance knew there might be some question as to whether 3 Kings properly ballasted the tank, its evidence was not enough to show more than the existence of "a legitimate question or difference of opinion over the eligibility, amount or value of the claim." *Robinson v. State Farm Mut. Auto. Ins. Co.*, 45 P.3d 829, 834 (Idaho 2002).  ESI needed to present some evidence of a clear entitlement to coverage, which it did not do.  Moreover, even if the district court on remand finds that coverage exists for ESI's losses, that does not mean Travelers Insurance acted in bad faith by denying ESI's claim and litigating the Policy's scope in these circumstances. *See, e.g.*, *Vaught v.*

*Dairyland Ins. Co.*, 956 P.2d 674, 679 (Idaho 1998) (explaining that if a claim involves an unsettled legal issue, insurers do not act in bad faith by litigating the claim in good faith "even if the insurer does not prevail").

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED**.